## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **DEMETRIUS KERN,** ) | CASE NO: 1:23-CV-01327 |
| Plaintiff, ) | JUDGE CHARLES ESQUE FLEMING |
| v. ) | |
| **NAFTALI WOLF, et al.,** ) | ANSWER OF CARLI LEWIS AND THE CITY OF CLEVELAND HEIGHTS |
| Defendants. ) | |
| ) | TRIAL BY JURY DEMANDED |

Now come the defendants, Carli Lewis and the City of Cleveland Heights and for their answer to the plaintiff's complaint herewith aver:

**FIRST DEFENSE**

1. The plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. The defendants admit the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 33, and 63 of the plaintiff's complaint.

3. The defendants admit that United States Supreme Court and the Sixth Circuit have authored opinions which create clearly established law but further answering, deny the remaining allegations contained in paragraph 1 of the plaintiff's complaint.

4. The defendants admit that the plaintiff confronted defendant Lewis after he exited his vehicle and verbal interaction occurred between the individuals but further answering, the defendants deny the remaining allegations contained in paragraphs 12 and 13 of the plaintiff's complaint.

5. The defendants admit that when Defendant Wolf arrived at the scene, there was an interaction between defendant Wolf and plaintiff but further answering, deny the remaining allegations contained in paragraphs 16, 17, 19, 22, 23, 25, 26, 27, 31, 35, 37, 38, 46, and 105 of the plaintiff's complaint.

6. The defendants admit that the plaintiff was placed under arrest but further answering, deny the remaining allegations contained in paragraphs 39 and 54 of the plaintiff's complaint.

7. Defendants admit that at the plaintiff's request, EMS was called to the scene but defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the plaintiff's complaint, and therefore deny same and strict proof thereof is demanded at the time of trial.

8. The defendants admit that plaintiff met with the Chief of Police for Cleveland Heights but further answering, deny the remaining allegations contained in paragraph 60 of the plaintiff's complaint.

9. Defendants admit that when police officers stop a motor vehicle certain rights and laws apply but further answering, deny the remaining allegations contained in paragraph 64 of the plaintiff's complaint.

10. Defendants deny the allegations contained in paragraphs 9, 10, 11, 14, 15, 18, 20, 21, 24, 28, 29, 30, 32, 36, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 55, 56, 57, 58, 59, 61, 62, 65, 66, 67 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 112, and 113 of the plaintiff's complaint.

11. The defendants deny every allegation in the complaint not admitted to be true.

### THIRD DEFENSE

12. The federal allegations against defendant Carli Lewis, are barred based upon principles of qualified immunity.

### FOURTH DEFENSE

13. The state based claims are barred based upon principles of immunity pursuant to O.R.C. § 2744.01 *set seq*., and the common law of Ohio and federal law.

**FIFTH DEFENSE**

14. The allegations in the plaintiff's complaint are barred based upon the plaintiff's own conduct, misconduct, unlawful conduct, failure to follow directives, assumption of risk, negligence and intentional actions.

**SIXTH DEFENSE**

15. There is no policy, custom, or practice utilized by the City of Cleveland Heights that violated any of the plaintiff's constitutional or state rights.

**SEVENTH DEFENSE**

16. At the time that defendant Carli Lewis operated her motor vehicle, she was responding to a call to duty, thus barring all claims in the complaint.

**EIGHTH DEFENSE**

17. The plaintiff has failed to minimize or mitigate his claimed damages.

**NINTH DEFENSE**

18. The allegations in the plaintiff's complaint are barred under principles of waiver, estoppel, and consent.

WHEREFORE, having fully answered, defendants, Carli Lewis and the City of Cleveland Heights, demand that the plaintiff's complaint be dismissed, with costs assessed against the plaintiff.

s/Gregory A. Beck
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)
BAKER | DUBLIKAR
400 S. Main Street
North Canton, Ohio 44720
e-mail: beck@bakerfirm.com
andreaz@bakerfirm.com
Telephone: (330) 499-6000
Telecopier: (330) 499-6423
Counsel for Defendants, Carli Lewis and
City of Cleveland Heights

**JURY DEMAND**

A trial by jury is demanded herein on all issues presented to the Court.

    s/Gregory A. Beck
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)
BAKER | DUBLIKAR

**PROOF OF SERVICE**

I hereby certify that on the 31st day of July, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    s/Gregory A. Beck
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)
BAKER | DUBLIKAR