**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division**

| | | | |
|---|---|---|---|
| **DEMETRIUS KERN** | : | **Case No.** | **1:23-cv-1327** |
| **Plaintiff** | : | | |
| **v.** | : | | |
| **NAFTALI WOLF, et. al.** | : | | |
| **Defendants** | : | | |

**Declaration of Christopher Wiest, Esq.**

Pursuant to 28 U.S.C. §1746, the undersigned, Christopher Wiest, makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge:

1. My name is Christopher Wiest, and I am counsel for the Plaintiff.

2. I have filed, hereto, as Exhibits 11 and 12, conventionally, body worn camera regarding the incident that is the subject matter of this lawsuit, for Carly Lewis (Exhibit 11) and Naftali Wolf (Exhibit 12) that is both a public record and business record, kept in the ordinary course of business by the City of Cleveland Heights, and provided to us in discovery in this matter by the City of Cleveland Heights through Counsel.

3. Attached as Exhibit A hereto is a true and accurate copy of the enclosure email we provided to Defendants with the written discovery served, a true and accurate copy of which is attached at Exhibit B. The discovery was also sent by ordinary mail.

4. Exhibit C is a true and accurate copy of the late responses served by Defendant Wolf on July 30, 2024, to that discovery, which followed a deficiency letter by the Plaintiff

sent on July 30, 2024 (see Exhibit F).

5.      Exhibit D is a true and accurate copy of the late responses served by Defendant Lewis

on August 7, 2024, to that discovery, which followed a deficiency letter.

6.      Exhibit E is a true and accurate copy of the letter sent to Defendants relating to

deposition instructions not to answer questions, sent on June 24, 2024.

7.      Exhibit F is a true and accurate copies of letters and emails sent between the parties

relative to the discovery issues.

8.      At this point, the discovery issues presented in the motion to compel are fully

exhausted, and, pursuant to L.R. 37.1, the undersigned counsel certify that he has

made sincere, good faith efforts to resolve these disputes, have met and conferred,

and exhausted extra-judicial means.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.


Executed on __8/7/2024_____.        _____

                                          Christopher Wiest

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Monday, June 24, 2024 2:12 PM |
| **To:** | 'Patrick Kasson'; 'Thomas N. Spyker'; 'Greg Beck'; 'Andrea Ziarko' |
| **Cc:** | 'Thomas B. Bruns' |
| **Subject:** | Kern v. Wolf |
| **Attachments:** | LetterKernWolf-6-24-24.pdf; KernDiscoveryToDefendants-6-24-24.pdf; KernDiscoveryToDefendants-6-24-24.docx |

Counsel:

Please find attached:

(1) Word and .pdf copies of Plaintiff's Second Set of Discovery directed to Defendants; and

(2) A deficiency/discovery dispute letter related to objections at recent depositions and instructions given to Lewis and Wolf not to respond.

If you think a call on the letter is helpful, let us know.

Finally, I would like to get a date for a zoom deposition of Mayor Seren, preferably in the next 14 days.  I think it may last an hour (but probably less).  Can you give me some date(s).

Thanks,



Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division**

| | | |
|---|---|---|
| **DEMETRIUS KERN** | : | **Case No.**   **1:23-cv-1327** |
| **Plaintiff** | : | |
| **v.** | : | |
| **NAFTALI WOLF, et. al.** | : | |
| **Defendants** | : | |

### PLAINTIFF'S SECOND SET OF DISCOVERY, INCLUDING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, PROPOUNDED TO DEFENDANTS CITY OF CLEVELAND HEIGHTS, CARLY LEWIS, AND NAFTALI WOLF

Plaintiff Demetrius Kern (the "Plaintiff"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and other applicable law, requests that Defendants **NAFTALI WOLF, CARLI LEWIS, AND THE CITY OF CLEVELAND HEIGHTS** (the "Defendants"): (i) (Defendants Lewis and Wolf only) answer the following interrogatory in writing and under oath, (ii) (all Defendants) produce or make available for inspection and copying at the Law Office of Christopher D. Wiest, 25 Town Center Blvd, Suite 104, Crestview Hills, KY 41017, the following documents, materials, and things, and (iii) (all Defendants) respond in writing to the following requests for production (collectively, the "Discovery Requests"), within thirty (30) days after service hereof.  These Discovery Requests shall be deemed continuing as to require supplemental answers if Defendants obtain further information and/or documentation between the time of service and the time of trial.

### DEFINITIONS AND INSTRUCTIONS

All definitions and instructions from Plaintiff's first set of discovery are hereby restated as if fully incorporated herein.

Exhibit B

## <u>PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>
## <u>PROPOUNDED TO DEFENDANTS</u>

20.    For Defendants Wolf and Lewis, identify with particularity the details of each Defendant's net worth for the years 2022, 2023, or 2024 to date.  For the avoidance of all doubt, this includes an identification of any assets and amounts of such assets, including beneficial interests (i.e. bank statements, real property deeds, automobile titles, and the account location and amount), as well as liabilities (i.e. judgments, mortgages or liens and the holder and amount of such liabilities).

**<u>ANSWER:</u>**

## <u>VERIFICATION</u>

I, _____, swear that the answer I have given to the above Interrogatory is true and based upon my personal knowledge.

_____
_____

Sworn to before me and subscribed in my presence by _____ on this _____ day of _____, 202__.

_____
Notary Public

My commission expires: _____

2

## PLAINTIFF'S REQUESTS TO PRODUCE DOCUMENTS, MATERIALS, AND OTHER TANGIBLE THINGS TO ALL DEFENDANTS

33.     Produce copies of any and all mental health records and/or documents of any kind, to include treatment summaries and/or progress notes and/or opinion statements, provided to the City of Cleveland Heights and/or its police department and relating to the diagnosis and/or treatment for anger management issues and/or PTSD, by Naftali Wolf or any of his treatment providers, from January 1, 2022 to the present.

**RESPONSE:**

34.     Produce copies of any notes, minutes, and/or other records of training provided by the City of Cleveland Heights and/or its prosecutor to any officer(s) of the Cleveland Heights Police Department, related to the filing of, and/or elements constituting, obstruction charges, from January 1, 2018 to the present.

**RESPONSE:**

35.     For Defendants Wolf and Lewis, produce copies of any federal and/or state tax returns for the years 2022 or 2023.

**RESPONSE:**

35.     For Defendants Wolf and Lewis, produce copies of any documents reflecting defendant's net worth and financial condition for the years 2022, 2023, and/or 2024 to date.  For the avoidance of all doubt, this includes any document reflecting assets (i.e. bank statements, income or pay stubs, real property deeds, automobile titles, etc.), as well as any document reflecting liabilities (i.e. judgments, mortgages or liens).

3

**RESPONSE:**


Respectfully submitted,

/s/ Christopher Wiest_____          /s/Thomas B. Bruns_____
Christopher Wiest (Ohio 0077931)          Thomas B. Bruns (Ohio 0051212)
Chris Wiest, Atty at Law, PLLC            Bruns, Connell, Vollmar, Armstrong
25 Town Center Blvd, Suite 104            4555 Lake Forrest Dr., Suite 330
Crestview Hills, KY 41017                 Cincinnati, OH 45242
513/257-1895 (v)                          513-312-9890 (v)
859/495-0803 (f)                          tbruns@bcvalaw.com
chris@cwiestlaw.com
**Attorneys for Plaintiff**



## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 24 day of June, 2024 via electronic and ordinary U.S. mail.


                                          /s/ Christopher Wiest_____
                                          Christopher Wiest (Ohio 0077931)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division**

**DEMETRIUS KERN**                    :        **Case No.        1:23-cv-1327**

    **Plaintiff**                                   :

**v.**                                                      :

**NAFTALI WOLF, et. al.**                   :

    **Defendants**                             :

<u>**DEFENDANT NAFTALI WOLF'S RESPONSES TO PLAINTIFF'S SECOND SET OF**
**WRITTEN REQUESTS**</u>

20.    For Defendants Wolf and Lewis, identify with particularity the details of each Defendant's net worth for the years 2022, 2023, or 2024 to date.  For the avoidance of all doubt, this includes an identification of any assets and amounts of such assets, including beneficial interests (i.e. bank statements, real property deeds, automobile titles, and the account location and amount), as well as liabilities (i.e. judgments, mortgages or liens and the holder and amount of such liabilities).

**<u>ANSWER</u>: Objection. The request is not relevant to any claim or defense and not proportional to the needs of the case. Further, at this stage of the case, the request is unduly invasive of Defendant's privacy. Subject to and without waiving any objections, as counsel has already been told, this Defendant will allow discovery as relevant if and when underlying claims survive.**

Exhibit C

<u>**PLAINTIFF'S REQUESTS TO PRODUCE DOCUMENTS, MATERIALS,
AND OTHER TANGIBLE THINGS TO ALL DEFENDANTS**</u>

33.      Produce copies of any and all mental health records and/or documents of any kind, to include treatment summaries and/or progress notes and/or opinion statements, provided to the City of Cleveland Heights and/or its police department and relating to the diagnosis and/or treatment for anger management issues and/or PTSD, by Naftali Wolf or any of his treatment providers, from January 1, 2022 to the present.

**<u>RESPONSE</u>: Objection. The request is not relevant to any claim or defense and not proportional to the needs of the case. Further objection, the requested material is privileged and that privilege has not been waived.**

34.      Produce copies of any notes, minutes, and/or other records of training provided by the City of Cleveland Heights and/or its prosecutor to any officer(s) of the Cleveland Heights Police Department, related to the filing of, and/or elements constituting, obstruction charges, from January 1, 2018 to the present.

**<u>RESPONSE</u>: This Defendant has no responsive documents.**

35.      For Defendants Wolf and Lewis, produce copies of any federal and/or state tax returns for the years 2022 or 2023.

**<u>ANSWER</u>: Objection. The request is not relevant to any claim or defense and not proportional to the needs of the case. Further, at this stage of the case, the request is unduly invasive of Defendant's privacy. Subject to and without waiving any objections, as counsel has already been told, this Defendant will allow discovery as relevant if and when underlying claims survive.**

2

35.    For Defendants Wolf and Lewis, produce copies of any documents reflecting defendant's net worth and financial condition for the years 2022, 2023, and/or 2024 to date.  For the avoidance of all doubt, this includes any document reflecting assets (i.e. bank statements, income or pay stubs, real property deeds, automobile titles, etc.), as well as any document reflecting liabilities (i.e. judgments, mortgages or liens).

**ANSWER**: **Objection. The request is not relevant to any claim or defense and not proportional to the needs of the case. Further, at this stage of the case, the request is unduly invasive of Defendant's privacy. Subject to and without waiving any objections, as counsel has already been told, this Defendant will allow discovery as relevant if and when underlying claims survive.**

**As to all objections:**

*/s/ Thomas Spyker*

Respectfully submitted,

*/s/ Thomas Spyker*
Patrick Kasson (0055570)
Thomas H. Kaczkowski (0103039)
Thomas N. Spyker (0098075)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: 614-228-1311 | Fax: 614-232-2410
Email: pkasson@reminger.com tkaczkowski@reminger.com tspyker@reminger.com
*Counsel for Naftali Wolf*

*Counsel certifies that these responses have been served on 7/30/2024 upon all counsel of record on 7/30/2024:*

3

*/s/ Thomas N. Spyker*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division**

| | | | |
|---|---|---|---|
| **DEMETRIUS KERN** | : | **Case No.** | **1:23-cv-1327** |
| **Plaintiff** | : | | |
| **v.** | : | | |
| **NAFTALI WOLF, et. al.** | : | | |
| **Defendants** | : | | |

<u>**ANSWERS BY CITY OF CLEVELAND HEIGHTS AND CARLY LEWIS TO**</u>

<u>**PLAINTIFF'S SECOND SET OF DISCOVERY, INCLUDING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, PROPOUNDED TO DEFENDANTS CITY OF CLEVELAND HEIGHTS, CARLY LEWIS, AND NAFTALI WOLF**</u>

Plaintiff Demetrius Kern (the "Plaintiff"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and other applicable law, requests that Defendants **NAFTALI WOLF, CARLI LEWIS, AND THE CITY OF CLEVELAND HEIGHTS** (the "Defendants"): (i) (Defendants Lewis and Wolf only) answer the following interrogatory in writing and under oath, (ii) (all Defendants) produce or make available for inspection and copying at the Law Office of Christopher D. Wiest, 25 Town Center Blvd, Suite 104, Crestview Hills, KY 41017, the following documents, materials, and things, and (iii) (all Defendants) respond in writing to the following requests for production (collectively, the "Discovery Requests"), within thirty (30) days after service hereof.  These Discovery Requests shall be deemed continuing as to require supplemental answers if Defendants obtain further information and/or documentation between the time of service and the time of trial.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

Exhibit D

All definitions and instructions from Plaintiff's first set of discovery are hereby restated as if fully incorporated herein.

### PLAINTIFF'S SECOND SET OF INTERROGATORIES PROPOUNDED TO DEFENDANTS

20.     For Defendants Wolf and Lewis, identify with particularity the details of each Defendant's net worth for the years 2022, 2023, or 2024 to date.  For the avoidance of all doubt, this includes an identification of any assets and amounts of such assets, including beneficial interests (i.e. bank statements, real property deeds, automobile titles, and the account location and amount), as well as liabilities (i.e. judgments, mortgages or liens and the holder and amount of such liabilities).

**ANSWER:**

**Objection. The request is not relevant to any claim or defense and not proportional to the needs of the case. Further, at this stage of the case, the request is unduly invasive of Defendant's privacy. Subject to and without waiving any objections, as counsel has already been told, this Defendant will allow discovery as relevant if and when underlying claims survive.**

### VERIFICATION

I, Carly Lewis, swear that the answer I have given to the above Interrogatory is true and based upon my personal knowledge.

_____

Carly Lewis

Sworn to before me and subscribed in my presence by Carly Lewis on this _____ day of

August  2024.

_____

Notary Public

My commission expires: _____

**<u>PLAINTIFF'S REQUESTS TO PRODUCE DOCUMENTS, MATERIALS,
AND OTHER TANGIBLE THINGS TO ALL DEFENDANTS</u>**

33.     Produce copies of any and all mental health records and/or documents of any kind, to include treatment summaries and/or progress notes and/or opinion statements, provided to the City of Cleveland Heights and/or its police department and relating to the diagnosis and/or treatment for anger management issues and/or PTSD, by Naftali Wolf or any of his treatment providers, from January 1, 2022 to the present.

> **<u>RESPONSE</u>:  Objection, to the extent this request is for medical information of Sgt Wolf, the City will not provide any information without Sgt Wolf's consent. However, for purposes of providing information, there are no responsive documents.**

34.     Produce copies of any notes, minutes, and/or other records of training provided by the City of Cleveland Heights and/or its prosecutor to any officer(s) of the Cleveland Heights Police Department, related to the filing of, and/or elements constituting, obstruction charges, from January 1, 2018 to the present.

> **<u>RESPONSE</u>: Cleveland Heights will provide all documents if they exist; Defendant Lewis has no responsive documents.  Upon inquiry, two Power Point presentations were presented by the prosecutor's office in March, April and May, 2022, to the officers at jail training and platoon training.**

35.     For Defendants Wolf and Lewis, produce copies of any federal and/or state tax returns for the years 2022 or 2023.

> **<u>RESPONSE</u>:  Objection. This request is not relevant to the involved claims**

4

35.    For Defendants Wolf and Lewis, produce copies of any documents reflecting defendant's net worth and financial condition for the years 2022, 2023, and/or 2024 to date. For the avoidance of all doubt, this includes any document reflecting assets (i.e. bank statements, income or pay stubs, real property deeds, automobile titles, etc.), as well as any document reflecting liabilities (i.e. judgments, mortgages or liens).

**RESPONSE:** **Objection. This request is not relevant to the involved claims**


**As to Objections: _s/Gregory A. Beck_**
**Gregory A. Beck**


Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorneys for Plaintiff**

/s/Thomas B. Bruns
Thomas B. Bruns (Ohio 0051212)
Bruns, Connell, Vollmar, Armstrong
4555 Lake Forrest Dr., Suite 330
Cincinnati, OH 45242
513-312-9890 (v)
tbruns@bcvalaw.com


**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 24 day of June, 2024 via electronic and ordinary U.S. mail.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)

5

s/Gregory A. Beck
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)
BAKER | DUBLIKAR
400 S. Main Street
North Canton, Ohio 44720
e-mail: beck@bakerfirm.com
andreaz@bakerfirm.com
Telephone:     (330) 499-6000
Telecopier:     (330) 499-6423
Counsel for Defendants, Carli Lewis and
City of Cleveland Heights

## **PROOF OF SERVICE**

I hereby certify that on the 7th day of August, 2024, a copy of the foregoing was sent via electronic transmission only to:

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com
Counsel for Plaintiff

Patrick Kasson
Reminger Co., LPA
200 Civic Center Drive, Suite 800
Columbus, OH  43215
pkasson@reminger.com
Counsel for Defendant, Naftali Wolf

Thomas B. Bruns
Bruns, Connell, Vollmar, Armstrong
4555 Lake Forrest Dr., Suite 330
Cincinnati, OH 45242
tbruns@bcvalaw.com

s/Gregory A. Beck
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)
BAKER | DUBLIKAR

6

# Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

June 24, 2024

Gregory A. Beck
Andrea K. Ziarko
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, OH 44720
By Email only to: beck@bakerfirm.com

D. Patrick Kasson
Thomas N. Spyker
200 Civic Center Drive, Ste. 800
Columbus, OH 43215
By Email only to: pkasson@reminger.com
tspyker@reminger.com

Re: *Kern v. Wolf*
*1:23-cv-01327-CEF*

Counsel:

We recently took the depositions of both Sgt. Naftali Wolf (on June 20, 2024), and Carly Lewis (on June 13, 2024).

## 1. Improper instructions not to answer questions about net worth

Punitive damage claims have been asserted against both Defendants Wolf and Lewis. (Pl.'s Compl., Doc. 1, at ¶¶ 72, 83, 89-90, 94-95, 100-101, 108-109). There is no order bifurcating such claims (or more pertinently, any order bifurcating discovery on such claims).

In light of the punitive damage claims against both Defendants, we directed questions towards both deponents about their current net worth, assets, and liabilities. In both instances, Defendants' Counsel objected and instructed their respective clients not to answer.

FRCP 30(c)(2) is clear: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Defendants and their counsel did not claim that the line of questioning implicated a privilege, there was no limitation on the subject matter of the questioning imposed by the Court, and Defendants have not suggested that they intended to present a motion under FRCP 30(d)(3).

Moreover, the scope of the questioning at issue was narrow – the questions were directed to assets and net worth in the preceding two years.

1

Exhibit E

Information on a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages. *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833 M1/P, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6 (W.D. Tenn. Sept. 24, 2008); *D′ Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 52-53 (D.D.C.2008); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D.Fla.2005); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 654 (D.Kan.2004); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D.Ohio 2001).  Additionally, the majority of courts have held that a plaintiff seeking punitive damages is entitled to such discovery in advance of trial without a prima facie showing that plaintiff is entitled to recover punitive damages. *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 U.S. Dist. LEXIS 24649, 2008 WL 839745, at *2 (W.D. Tenn. Mar. 27, 2008); *Howard*, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6; *see also U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial.").

Published decisions from the Northern District of Ohio are in accord with this position. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399 (NDOH 2011).

Mr. Beck suggested on the record that this relevant, allowed by the Rules discovery could be had at a later date, but without indicating when.  Well, most of the discovery calendar has been exhausted, and there are only a few short months to go.  Simply put, there is no proper basis for withholding this discovery.

Let us know when we can complete questioning of your clients in the next 14 days. Alternatively, we will consider efforts to exhaust complete, and we will seek an appropriate order compelling completion of this discovery under FRCP 37, to include sanctions for having to take that step.

## 2.  <u>Improper instructions not to answer questions about emotional issues and treatment that Sgt. Wolf put at issue</u>

Sergeant Wolf, in an attempt at mitigating discipline imposed on him relating to his incident with Mr. Kern, and in attempting to mitigate and explain why he did what he did to Mr. Kern, asserted a defense that he had been treating for anger management and PTSD.  (See, also, Exhibit 35 at page 7 "You indicated to me that you have been in counseling for anger management and PTSD … You are ordered to continue with your counseling and will be required to provide proof of participation and periodic updates documenting your progress with your medical provider").

In his deposition, Sergeant Wolf testified that previously (prior to his incident with Mr. Kern) he had informed Chief Britton of his issues with anger management and PTSD, yet the Chief did not take any action until after Sgt. Wolf had another incident, this time the with Mr. Kern.  Sergeant Wolf also testified that the issues he was treating for stemmed from issues at home with his spouse.

2

Plaintiff also is aware that Sergeant Wolf is currently involved in litigation with the City of Cleveland Heights over a worker's compensation matter, and that there were two prior sustained complaints in 2020 and 2021 involving Sergeant Wolf's improper interaction/treatment of citizens who are minorities.  (Exhibits 6 and 7).

Plaintiff is entitled to determine if the explanation Sergeant Wolf gave about his conduct with Mr. Kern is truthful (i.e. he was having a bad day due to issues at home, versus, for instance, anger issues involving interactions with citizens who are minorities).  Plainly, Sgt. Wolf has put at issue his emotional state and treatment for same in this matter.

In federal question cases like the instant action, questions of privilege are governed by federal common law. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998).  Federal Rule of Evidence 501 provides that "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege . . . ." Fed. R. Ev. 501.  While the Sixth Circuit Court of Appeals has noted the importance of private communications between psychotherapist and patient, and found that a privilege should attach to such communications under Rule 501 (*In re Zuniga*, 714 F.2d 632, 639 (6th Cir. 1983)), the privilege is not absolute.

Specifically, the Sixth Circuit has found that a patient waives the psychotherapist-patient privilege where the patient "put[s] [his] emotional state at issue in the case." *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007).  This rule is in keeping with the waiver practice applied to other privileges. *See, e.g., In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (finding that a client waived his attorney-client privilege by alleging ineffective assistance of counsel, and thereby putting the attorneys' advice at issue).  This rule ensures that a party cannot use a privilege as both sword and shield (as Sgt. Wolf has so far), by placing into evidence only those portions of privileged materials which are beneficial, and then using the privilege to hide those portions which would benefit the opposing parties. *See Hollinger Int'l Inc. v. Hollinger Inc.,* 230 F.R.D. 508, 518 (N.D. Ill. 2005) ("The sword and shield analogy is rooted in fairness. Fairness considerations may arise when a party partially discloses privileged communications or affirmatively relies on privileged communications to support a claim or defense, and then attempts to shield the underlying communications from the opposing party."); *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001).

Courts have concluded that a party waives his or her psychotherapist-patient privilege by "put[ting] the substance of the advice from or communication with the psychotherapist directly at issue in the suit." *Burke v. Lawrence*, No. 1:11-CV-1044, 2013 U.S. Dist. LEXIS 77384, 2013 WL 2422883, at *2 (W.D. Mich. June 3, 2013) (*citing Koch v. Cox*, 489 F.3d 384, 389, 376 U.S. App. D.C. 376 (D.C. Cir. 2007)); *see also Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000); Sidor v. Reno, No. 95 CIV. 9588 (KMW), 1998 U.S. Dist. LEXIS 4593, 1998 WL 164823, at *1 (S.D.N.Y. Apr. 7, 1998).

Sergeant Wolf, by offering his anger management and PTSD issues as an excuse for his conduct on September 22, 2022, to include his continuing disclosure to Chief Britton of the advice he's been given for his ongoing treatment for those issues, has waived his privilege. Consequently, Plaintiff is entitled to inquire in detail about those issues and treatment.

3

We recognize that there is unlikely to be agreement on this.  And on that score, let us know so that we can involve the court with motion to compel practice.  We would seek to subpoena Sergeant Wolf's treatment records as well, but realize it would be met with a similar objection and motion (and hope you would agree that we need not do so to ripen the issue involved as well with the pending motion to compel practice).

**3.  <u>Conclusion</u>**

Please let us know by July 1, 2024, if you wish to change your positions in light of the foregoing, at which point we believe we have exhausted our extra-judicial remedies and will seek assistance from the court.

By:

Chris Wiest, Attorney at Law, PLLC

Cc: Thomas Bruns, Esq.

4

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Thursday, July 11, 2024 6:47 PM |
| **To:** | 'Greg Beck'; 'Andrea Ziarko'; 'Thomas N. Spyker'; 'Patrick Kasson'; 'Tommy H Kaczkowski' |
| **Cc:** | 'Thomas B. Bruns' |
| **Subject:** | Kern v. Wolf |
| **Attachments:** | KernSubpoenaForService.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Greg Beck' | |
| | 'Andrea Ziarko' | |
| | 'Thomas N. Spyker' | |
| | 'Patrick Kasson' | |
| | 'Tommy H Kaczkowski' | |
| | 'Thomas B. Bruns' | |
| | Greg Beck | Read: 7/12/2024 9:04 AM |

Counsel:

I wanted to follow up on a few things in relation to the above captioned matter.

(1) We obtained UH invoices, and have produced same in the dropbox below (the link was previously provided but we provide it again).  We had requested this last summer and have had substantial difficulty with UH to obtain same.  I have come to learn that it does not include invoices for the physicians who performed the surgery, hence the subpoena at #3.

(2) I am also producing video from Mr. Kern's phone (or specifically the icloud) relating to the incident in question (there are two and they are short) – also in the dropbox.  He did not have them on his phone, but found them on his icloud drive.

(3) I am serving a subpoena on Caresource, and it is attached.

(4) I need dates in the next 2-3 weeks, for a zoom deposition of Mayor Seren, it will be an hour or less.  I do not want to unilaterally notice it, but will if I do not get good dates.

(5) We understand that the parties are at an impasse with respect to discovery directed towards net worth of Wolf and Lewis, as well as Wolf's mental health treatment – please confirm so that we can bring this to the court's attention for resolution.

(6) Finally, I wanted to see if we could talk about a stipulation as to authenticity and business records for the documents produced by the City, to include BWC and IA camera recordings in this case, as well as Mr. Kern's medical records and invoices.  I'd like to avoid record custodian depositions.

The dropbox link is below (let us know if there are issues accessing it):

https://www.dropbox.com/scl/fo/prfhpharf6tg65qss9bcx/h?rlkey=bg4up9iu54zns2f1bb1uq3ckm&st=3n6wa84j&dl=0

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280

Exhibit F

Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Tuesday, July 23, 2024 4:43 PM |
| **To:** | 'Greg Beck'; 'Andrea Ziarko'; 'Patrick Kasson'; 'Tommy H Kaczkowski'; 'Thomas N. Spyker' |
| **Cc:** | 'Thomas B. Bruns' |
| **Subject:** | Kern v. Wolf |
| **Attachments:** | Letter-Kern7-23-24.pdf |

Counsel:

Please see the attached letter.

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

# Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

June 24, 2024

Gregory A. Beck
Andrea K. Ziarko
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, OH 44720
By Email only to: beck@bakerfirm.com

D. Patrick Kasson
Thomas N. Spyker
200 Civic Center Drive, Ste. 800
Columbus, OH 43215
By Email only to: pkasson@reminger.com
tspyker@reminger.com

> Re: *Kern v. Wolf*
> *1:23-cv-01327-CEF*
> *FRE 408 – INADMISSIBLE SETTLEMENT*
> *DISCUSSIONS*

Counsel:

We had wanted to get a settlement demand to you earlier than this, but had difficulty getting medical invoices from the various providers, which drove our evaluation of the medical special damages in the above captioned matter (and would allow Tom and I to evaluate Medicaid liens).  With the recent production by Caresource,[1] we now are able to assess and evaluate those aspects of this matter.

We are at a juncture in this case where it may make sense to try and resolve it, before the parties undertake expert practice (and associated expenses), dispositive motion practice, and discovery motion practice, all of which add significant costs, attorney fees,[2] and expenses to civil rights matters.

We thus make a demand in this matter, to settle and comprise this case for the sum of $350,000.  We will keep this demand open through 4:00 p.m. on August 2, 2024, at which time it

---

[1] As we calculate it, and based on the helpful billing records, including those of Caresource, those medical specials are approximately and roughly $50,000 invoiced, with $10,000 paid by insurance.  Mr. Kern had some minimal co-pays.

[2] We have incurred $102,000 in attorney fees at established lodestar market rates in the Northern District of Ohio, and $9,843.39 in reimbursable expenses to date.  We estimate that a through-trial figure will push that to close to $250,000 in fees.

1

is withdrawn (time is of the essence).  For the avoidance of doubt, that is a total figure, and we have baked into it the costs and expenses to date in this case, attorney fees, and other factors.

We will entertain counter-offers, within the framework of this letter, provided they are made timely.  That would not mean that we would not, in the future, be amenable to settlement, but, as explained below, the framework may change (and our demands may go up).

If there is an interest in scheduling a mediation in this case, or a settlement conference with a magistrate judge, we suggest that the parties should proceed to do so, and in all events do so in the next 30 days.

Tom and I think there is a reasonable compensatory verdict range in this case, including based on our collective experience and trial verdict jury research in civil rights cases, of between $100,000 and $1,500,000.  Much of where a verdict will fall in this case will depend on who is on the jury.  We think that Wolf and Lewis have significant punitive damage exposure that could double or even be a multiple of the compensatory award (though we understand that they may not be indemnified for this and we would have to collect it from them individually).  And, as noted, we think the Defendants will be paying Plaintiffs' attorney fees and costs, which we expect may approach $250,000 through trial.

Obviously, once we start to incur additional time and costs, that has to be factored into any future demands.  We thus anticipate making increases in the demand as this matter gets closer to trial, and perhaps substantial increases in the demand, because of the anticipated additional attorney fees and costs that will be incurred.  Said another way, we would not want to hear in mediation six months from now that Defendants are upset when the demand is $500,000 or more, after we have briefed dispositive motions and incurred expenses on experts.

We look forward to hearing any response.

By:

Chris Wiest, Attorney at Law, PLLC

Cc: Thomas Bruns, Esq.

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Tuesday, July 30, 2024 10:50 AM |
| **To:** | 'Patrick Kasson'; 'Thomas N. Spyker'; 'Greg Beck'; 'Andrea Ziarko' |
| **Cc:** | 'Thomas B. Bruns' |
| **Subject:** | RE: Kern v. Wolf |
| **Attachments:** | LetterKern-7-30-24wattach.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Patrick Kasson' | |
| | 'Thomas N. Spyker' | |
| | 'Greg Beck' | |
| | 'Andrea Ziarko' | |
| | 'Thomas B. Bruns' | |
| | Thomas N. Spyker | Read: 7/30/2024 10:53 AM |

Counsel:

Please find attached a letter relative to the unanswered discovery we sent on 6/24/24.


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com


---

**From:** chris@cwiestlaw.com <chris@cwiestlaw.com>
**Sent:** Monday, June 24, 2024 2:12 PM
**To:** 'Patrick Kasson' <PKasson@reminger.com>; 'Thomas N. Spyker' <TSpyker@reminger.com>; 'Greg Beck' <beck@bakerfirm.com>; 'Andrea Ziarko' <andreaz@bakerfirm.com>
**Cc:** 'Thomas B. Bruns' <tbruns@bcvalaw.com>
**Subject:** Kern v. Wolf

Counsel:

Please find attached:

(1) Word and .pdf copies of Plaintiff's Second Set of Discovery directed to Defendants; and

(2) A deficiency/discovery dispute letter related to objections at recent depositions and instructions given to Lewis and Wolf not to respond.

If you think a call on the letter is helpful, let us know.

Finally, I would like to get a date for a zoom deposition of Mayor Seren, preferably in the next 14 days.  I think it may last an hour (but probably less).  Can you give me some date(s).

Thanks,



Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

# Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

July 30, 2024

Gregory A. Beck
Andrea K. Ziarko
400 South Main Street
North Canton, OH 44720
By Email only to: beck@bakerfirm.com

D. Patrick Kasson
Thomas N. Spyker
200 Civic Center Drive, Ste. 800
Columbus, OH 43215
By Email only to: pkasson@reminger.com
tspyker@reminger.com

Re: *Kern v. Wolf*
*1:23-cv-01327-CEF*

Counsel:

On June 24, 2024, we propounded a second set of discovery to Defendants.  That discovery was fairly minimal, as it consisted of one interrogatory and four requests for production.  I have attached it again, hereto, for reference.

Responses were due July 24, 2024, or, allowing for the three days of additional time under FRCP 6(d), by July 29, 2024.

No responses have been received.

Under FRCP 33(b)(4) and FRCP 34(b)(2)(A) and (C), the failure to timely respond is a waiver of all objections.  *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Mn. 2012); *Tenpenny v. Prime Now, LLC*, 2020 U.S. Dist. LEXIS 261578 (TNMD 2020); *In re Ohio Execution Protocol Litig.*, 2019 U.S. Dist. LEXIS 210442 (SDOH 2019); *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 327 (E.D. Ky. 2006).  *See, also, Boles v. Aramark Corr. Servs.*, LLC, No. 17-1919, 2018 U.S. App. LEXIS 6948, 2018 WL 3854143, at *5 (6th Cir. March 19, 2018); *Biondi v. Jaguar Land Rover N. Am., LLC*, 2023 U.S. Dist. LEXIS 160482 (OHND 2023).

Please provide us any response(s), if any, by the close of business (5:00 p.m.) on August 6, 2024.

1

By:

Chris Wiest, Attorney at Law, PLLC

Cc: Thomas Bruns, Esq.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division**

| | | | | |
|---|---|---|---|---|
| **DEMETRIUS KERN** | : | **Case No.** | **1:23-cv-1327** |
| **Plaintiff** | : | | |
| **v.** | : | | |
| **NAFTALI WOLF, et. al.** | : | | |
| **Defendants** | : | | |

**PLAINTIFF'S SECOND SET OF DISCOVERY, INCLUDING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, PROPOUNDED TO DEFENDANTS CITY OF CLEVELAND HEIGHTS, CARLY LEWIS, AND NAFTALI WOLF**

Plaintiff Demetrius Kern (the "Plaintiff"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and other applicable law, requests that Defendants **NAFTALI WOLF, CARLI LEWIS, AND THE CITY OF CLEVELAND HEIGHTS** (the "Defendants"): (i) (Defendants Lewis and Wolf only) answer the following interrogatory in writing and under oath, (ii) (all Defendants) produce or make available for inspection and copying at the Law Office of Christopher D. Wiest, 25 Town Center Blvd, Suite 104, Crestview Hills, KY 41017, the following documents, materials, and things, and (iii) (all Defendants) respond in writing to the following requests for production (collectively, the "Discovery Requests"), within thirty (30) days after service hereof.  These Discovery Requests shall be deemed continuing as to require supplemental answers if Defendants obtain further information and/or documentation between the time of service and the time of trial.

**DEFINITIONS AND INSTRUCTIONS**

All definitions and instructions from Plaintiff's first set of discovery are hereby restated as if fully incorporated herein.

**<u>PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>**
**<u>PROPOUNDED TO DEFENDANTS</u>**

20.     For Defendants Wolf and Lewis, identify with particularity the details of each Defendant's net worth for the years 2022, 2023, or 2024 to date.  For the avoidance of all doubt, this includes an identification of any assets and amounts of such assets, including beneficial interests (i.e. bank statements, real property deeds, automobile titles, and the account location and amount), as well as liabilities (i.e. judgments, mortgages or liens and the holder and amount of such liabilities).

**<u>ANSWER:</u>**

**<u>VERIFICATION</u>**

I, _____, swear that the answer I have given to the above Interrogatory is true and based upon my personal knowledge.

_____
_____

Sworn to before me and subscribed in my presence by _____ on this _____ day of _____, 202__.

_____
  Notary Public

My commission expires: _____

2

## PLAINTIFF'S REQUESTS TO PRODUCE DOCUMENTS, MATERIALS, AND OTHER TANGIBLE THINGS TO ALL DEFENDANTS

33.     Produce copies of any and all mental health records and/or documents of any kind, to include treatment summaries and/or progress notes and/or opinion statements, provided to the City of Cleveland Heights and/or its police department and relating to the diagnosis and/or treatment for anger management issues and/or PTSD, by Naftali Wolf or any of his treatment providers, from January 1, 2022 to the present.

**RESPONSE:**


34.     Produce copies of any notes, minutes, and/or other records of training provided by the City of Cleveland Heights and/or its prosecutor to any officer(s) of the Cleveland Heights Police Department, related to the filing of, and/or elements constituting, obstruction charges, from January 1, 2018 to the present.

**RESPONSE:**


35.     For Defendants Wolf and Lewis, produce copies of any federal and/or state tax returns for the years 2022 or 2023.

**RESPONSE:**


35.     For Defendants Wolf and Lewis, produce copies of any documents reflecting defendant's net worth and financial condition for the years 2022, 2023, and/or 2024 to date.  For the avoidance of all doubt, this includes any document reflecting assets (i.e. bank statements, income or pay stubs, real property deeds, automobile titles, etc.), as well as any document reflecting liabilities (i.e. judgments, mortgages or liens).

3

**RESPONSE:**


Respectfully submitted,

/s/ Christopher Wiest_____          /s/Thomas B. Bruns_____
Christopher Wiest (Ohio 0077931)          Thomas B. Bruns (Ohio 0051212)
Chris Wiest, Atty at Law, PLLC            Bruns, Connell, Vollmar, Armstrong
25 Town Center Blvd, Suite 104            4555 Lake Forrest Dr., Suite 330
Crestview Hills, KY 41017                 Cincinnati, OH 45242
513/257-1895 (v)                          513-312-9890 (v)
859/495-0803 (f)                          tbruns@bcvalaw.com
chris@cwiestlaw.com
**Attorneys for Plaintiff**


## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 24 day of June, 2024 via electronic and ordinary U.S. mail.


/s/ Christopher Wiest_____
Christopher Wiest (Ohio 0077931)

4

**chris@cwiestlaw.com**

---

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Tuesday, July 30, 2024 12:32 PM |
| **To:** | 'Thomas N. Spyker'; 'Patrick Kasson'; 'Greg Beck'; 'Andrea Ziarko' |
| **Cc:** | 'Thomas B. Bruns'; 'Tommy H Kaczkowski' |
| **Subject:** | RE: Kern v. Wolf |
| **Attachments:** | Letter-Kern7-30-24-Reminger.pdf |

Please see our letter response, attached.

Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com


---

**From:** Thomas N. Spyker <TSpyker@reminger.com>
**Sent:** Tuesday, July 30, 2024 11:33 AM
**To:** chris@cwiestlaw.com; Patrick Kasson <PKasson@reminger.com>; 'Greg Beck' <beck@bakerfirm.com>; 'Andrea Ziarko' <andreaz@bakerfirm.com>
**Cc:** 'Thomas B. Bruns' <tbruns@bcvalaw.com>; Tommy H Kaczkowski <TKaczkowski@reminger.com>
**Subject:** RE: Kern v. Wolf

Chris, see our responses.

I do not accept your position on waiver, especially when your certificate of service on the original requests incorrectly purports you served "all counsel for Defendants." You did not.

This email and your original service email failed to include our associate—and counsel of record—Mr. Kaczkowski. As you know, Mr. Kackowski, and Mr. Malone before him, were handling written discovery.

I am unaware of any authority finding objects waived after responses were served less than 12 hours late, after the propounding party incorrectly certified the requests were properly served where they were not. I'm happy to read that case if you have it.

Thanks,

**Thomas N. Spyker -**  614-232-2420 (phone)
Reminger Co., L.P.A.

---

**From:** chris@cwiestlaw.com <chris@cwiestlaw.com>
**Sent:** Tuesday, July 30, 2024 10:50 AM
**To:** Patrick Kasson <PKasson@reminger.com>; Thomas N. Spyker <TSpyker@reminger.com>; 'Greg Beck' <beck@bakerfirm.com>; 'Andrea Ziarko' <andreaz@bakerfirm.com>

**Cc:** 'Thomas B. Bruns' <tbruns@bcvalaw.com>
**Subject:** RE: Kern v. Wolf

Counsel:

Please find attached a letter relative to the unanswered discovery we sent on 6/24/24.

Christopher Wiest

Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280

Covington, KY 41011

513-257-1895

chris@cwiestlaw.com

---

**From:** chris@cwiestlaw.com <chris@cwiestlaw.com>
**Sent:** Monday, June 24, 2024 2:12 PM
**To:** 'Patrick Kasson' <PKasson@reminger.com>; 'Thomas N. Spyker' <TSpyker@reminger.com>; 'Greg Beck' <beck@bakerfirm.com>; 'Andrea Ziarko' <andreaz@bakerfirm.com>
**Cc:** 'Thomas B. Bruns' <tbruns@bcvalaw.com>
**Subject:** Kern v. Wolf

Counsel:

Please find attached:

1. Word and .pdf copies of Plaintiff's Second Set of Discovery directed to Defendants; and

2. A deficiency/discovery dispute letter related to objections at recent depositions and instructions given to Lewis and Wolf not to respond.

If you think a call on the letter is helpful, let us know.

Finally, I would like to get a date for a zoom deposition of Mayor Seren, preferably in the next 14 days.  I think it may last an hour (but probably less).  Can you give me some date(s).

Thanks,

Christopher Wiest

Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280

Covington, KY 41011

513-257-1895

chris@cwiestlaw.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware by **Mimecast Ltd**.

# Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

July 30, 2024

D. Patrick Kasson
Thomas N. Spyker
200 Civic Center Drive, Ste. 800
Columbus, OH 43215
By Email only to: pkasson@reminger.com
tspyker@reminger.com

Re: *Kern v. Wolf*
*1:23-cv-01327-CEF*

Counsel:

Earlier today, you served late objections this same day to discovery that was sent on June 24, 2024.

## 1. <u>Your position on the service of discovery is frivolous and contrary to published Sixth Circuit precedent</u>

First, you contend that we improperly served the discovery, because we sent email service to Mr. Kasson and Mr. Spyker, but not Mr. Kaczkowski.[1]

That contention is incorrect. "F.R.C.P. 5 requires only that 'papers must be served on every party;' it does not require service to be made on every attorney of record." Throne v. Citicorp Inv. Servs., 2008 U.S. Dist. LEXIS 130919 at *9-*10 (C.D. Cal. 2008). "Thus, when a party is represented by multiple attorneys, multiple service is not required." *Id.*, *citing Allen v. Pacific Bell*, 212 F.Supp.2d 1180, 1190 (C.D. Cal. 2002). *See, also, Palacios v. Chertoff*, 2007 U.S. Dist. LEXIS 51784 (D. Nev. 2007) (service on one counsel of record is sufficient); *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990) (concluding that service on local counsel, but not lead counsel, was effective service of a pleading); *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (concluding that service of a motion on one of two attorneys was sufficient, noting that FRCP 5 "requires service on all parties, not on all attorneys.")

In all events, your position is foreclosed by published Sixth Circuit case law and thus violates FRCP 11. *EMWomen's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020) ("When a party is represented by more than one attorney, service upon any one of them satisfies" the service requirement, quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1145 (4th ed. 2008, Apr. 2020 update)).

---

[1] We also served the foregoing by ordinary mail on all of the counsel.

## 2. The net worth discovery is relevant and without an order bifurcating such discovery must be produced and responded to now

As for the substance of the requests, you object on the basis of relevance (or suggest that Plaintiff can eventually obtain this information at some unknown time in the future) in response to Interrogatory No. 20, and Requests to Produce Nos. 35 and 36, which are directed to net worth.

Punitive damage claims have been asserted against both Defendants Wolf and Lewis. (Pl.'s Compl., Doc. 1, at ¶¶ 72, 83, 89-90, 94-95, 100-101, 108-109). There is no order bifurcating such claims (or more pertinently, any order bifurcating discovery on such claims). Defendant Wolf asserted a due process defense to punitive damages that, by design, puts his net worth at issue.  (Answer Wolf, Doc. 11, at Fifteenth Defense, PageID#66).

Any suggestion, then, that such information is not relevant, is patently absurd.

Information on a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages. *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833 M1/P, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6 (W.D. Tenn. Sept. 24, 2008); *D' Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 52-53 (D.D.C.2008); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D.Fla.2005); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 654 (D.Kan.2004); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D.Ohio 2001). Additionally, the majority of courts have held that a plaintiff seeking punitive damages is entitled to such discovery in advance of trial without a prima facie showing that plaintiff is entitled to recover punitive damages. *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 U.S. Dist. LEXIS 24649, 2008 WL 839745, at *2 (W.D. Tenn. Mar. 27, 2008); *Howard*, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6; *see also U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial.").

Published decisions from the Northern District of Ohio are in accord with this position. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399 (NDOH 2011).

I realize that this is headed for motion practice.  If you have any response, or alternative case law for us to consider, let us know.  If not, we consider the issue exhausted.

## 3. The privilege objection on RFP 33

To be clear, RFP 33 did not seek all of Wolf's treatment records.  Rather, the request was limited to those records that Wolf specifically submitted to the City.  It stated, in full:

33. Produce copies of any and all mental health records and/or documents of any kind, to include treatment summaries and/or progress notes and/or opinion statements, **provided to the City of Cleveland Heights and/or its police department** and relating to the diagnosis and/or

2

treatment for anger management issues and/or PTSD, by Naftali Wolf or any of his treatment providers, from January 1, 2022 to the present.

Defendant Wolf suggests that information that Wolf himself gave to the City, arising from discipline over the very incident that is the subject of this lawsuit, and underpinning Wolf's excuse to the City of why he acted the way he did on the date in question is not relevant. But merely stating this proposition demonstrates the relevancy of it. The relevancy objection is absurd.

In cases raising federal law claims, questions of privilege are governed by federal common law. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). Federal Rule of Evidence 501 provides that "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege … ." Fed. R. Ev. 501. While the Sixth Circuit Court of Appeals has noted the importance of private communications between psychotherapist and patient, and found that a privilege should attach to such communications under Rule 501 (*In re Zuniga*, 714 F.2d 632, 639 (6th Cir. 1983)), the privilege is not absolute and can be waived. And, the burden rests on the person invoking the privilege to demonstrate both its applicability and "the absence of any waiver of it." *United States v. Bolander*, 722 F.3d 199, 222 (4th Cir. 2013).

Specifically, the Sixth Circuit has found that a patient waives the psychotherapist-patient privilege where the patient "put[s] [his] emotional state at issue in the case." *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007). Likewise, a patient waives the psychotherapist—patient privilege by knowingly and voluntarily relinquishing it, such as by disclosing the substance of therapy sessions to unrelated third parties. *United States v. Hayes*, 227 F.3d 578, 586 (6th Cir.2000), citing *United States v. Snelenberger*, 24 F.3d at 802 (overruled on other grounds). This is in keeping with the waiver practice applied to other privileges. *See, e.g., In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (finding that a client waived his attorney-client privilege by alleging ineffective assistance of counsel, and thereby putting the attorneys' advice at issue).

The rules regarding waiver ensure that a party cannot use a privilege as both sword and shield (as Defendant Wolf has so far), by disclosing the privileged information to an unrelated third party when it benefits him, and then asserting the privilege as a shield against discovery when that position also benefits him. *See Hollinger Int'l Inc. v. Hollinger Inc.,* 230 F.R.D. 508, 518 (N.D. Ill. 2005) ("The sword and shield analogy is rooted in fairness. Fairness considerations may arise when a party partially discloses privileged communications or affirmatively relies on privileged communications to support a claim or defense, and then attempts to shield the underlying communications from the opposing party."); *see also Columbia Pictures Television, Inc. v. Krypton Broad. Of Birmingham*, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001).

Case law, from this district, supports waiver here. *Dekany v. City of Akron*, 2017 U.S. Dist. LEXIS 2713 (NDOH 2017). In *Dekany*, this Court found waiver where there was discussion about general treatment received for particular issues, including "depression and staying safe," "irritability anger and depression," and "openly discussed the specific communications that occurred during his sessions with a third party." *Id.* at *5. Likewise here,

Defendant Wolf volunteered in his disciplinary hearing that his anger management and PTSD diagnoses, for which he was undergoing treatment, were the explanation for his bad behavior in this incident and, as part of the disposition of the discipline imposed on him, Defendant Wolf was required to "continue with your counseling and will be required to provide proof of participation and periodic updates documenting your progress with your medical provider." (Depo. Britton at 145-148, Exhibit 4 hereto, and Exhibit 35 to the deposition).

Subsequently, Defendant Wolf submitted letters from his psychiatrist to the City documenting his continued treatment for anger management and PTSD and his progress regarding same.  (Depo. Wolf, Exhibit 2, at 237-239).  This record is on all fours with *Dekany*, and there has been a waiver through Defendant Wolf's voluntary disclosure to the City.

Defendants cannot shield from disclosure those documents that Wolf specifically provided to a third party, namely his employer.

### Conclusion

We think we have exhausted these issues, but, in all events, if, in light of the foregoing, Defendant wishes to either (i) have a further discussion with us; or (ii) reconsider his position in light of the above; please let us know and in all events if a phone call is helpful, let us schedule that not later than August 6, 2024.

By:

Chris Wiest, Attorney at Law, PLLC


Cc: Thomas Bruns, Esq.
Greg Beck, Esq.
Andrea Ziarko, Esq.

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Wednesday, August 7, 2024 11:34 AM |
| **To:** | 'Greg Beck'; 'tbruns@bcvalaw.com' |
| **Cc:** | 'Shirley Manfull'; 'Andrea Ziarko'; 'Patrick Kasson' |
| **Subject:** | RE: responses to second discovery requests |
| **Attachments:** | Letter-Kern8-7-24-Beck.pdf |

Greg:

Please see a letter response, attached.  I think we are headed to motion to compel practice, and we are ready to file that.  But I do want to clarify in advance of our filing later today, whether Sgt. Wolf ever provided treatment letters to the City, as he was ordered to do (and as he testified he did) – or whether those submissions were submitted and no longer exist (and obviously we would want to figure out why that is the case if it was previously provided but the City did not maintain it).

Thanks,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com


---

**From:** Greg Beck <beck@bakerfirm.com>
**Sent:** Wednesday, August 7, 2024 10:09 AM
**To:** chris@cwiestlaw.com; tbruns@bcvalaw.com
**Cc:** Shirley Manfull <shirley@bakerfirm.com>; Andrea Ziarko <andreaz@bakerfirm.com>; Patrick Kasson <PKasson@reminger.com>
**Subject:** responses to second discovery requests

Hi Chris and Tom,
Attached are the discovery responses to your second set of interrogatories and requests for production. I will have Officer Lewis verify the responses. In response to the request for production, we obtained two power point presentations from the prosecutor Pam Roessner—attached. One was provided to all the officers in the spring 2022, and the second March 2024.  The city does not have any other documents regarding specific training on the issues you question.

Let me know if you have any questions.

Greg


**Gregory A. Beck, Esq.**
**Partner**



**400 South Main Street**
**North Canton, Ohio 44720**
**Ph: (330) 499-6000**
**Fax: (330) 499-6423**
**Email:** Beck@Bakerfirm.com
Bakerfirm.com

   



This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

# Chris Wiest, Attorney at Law, PLLC

50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
(513)257-1895 (cellular)
chris@cwiestlaw.com
*admitted in Kentucky and Ohio

August 7, 2024

Gregory A. Beck
Andrea K. Ziarko
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, OH 44720
By Email only to: beck@bakerfirm.com

Re: *Kern v. Wolf*
*1:23-cv-01327-CEF*

Counsel:

Earlier today, you served late objections this same day to discovery that was sent on June 24, 2024.

### 1. The net worth discovery is relevant and without an order bifurcating such discovery must be produced and responded to now

As for the substance of the requests, you object on the basis of relevance in response to Interrogatory No. 20, and Requests to Produce Nos. 35 and 36, which are directed to net worth.

Punitive damage claims have been asserted against both Defendants Wolf and Lewis. (Pl.'s Compl., Doc. 1, at ¶¶ 72, 83, 89-90, 94-95, 100-101, 108-109). There is no order bifurcating such claims (or more pertinently, any order bifurcating discovery on such claims).

Any suggestion, then, that such information is not relevant, is patently absurd.

Information on a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages. *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833 M1/P, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6 (W.D. Tenn. Sept. 24, 2008); *D' Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 52-53 (D.D.C.2008); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D.Fla.2005); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 654 (D.Kan.2004); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D.Ohio 2001). Additionally, the majority of courts have held that a plaintiff seeking punitive damages is entitled to such discovery in advance of trial without a prima facie showing that plaintiff is entitled to recover punitive damages. *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 U.S. Dist. LEXIS 24649, 2008 WL 839745, at *2 (W.D. Tenn. Mar. 27, 2008); *Howard*, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6; *see also U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial.").

1

Published decisions from the Northern District of Ohio are in accord with this position. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399 (NDOH 2011).

I realize that this is headed for motion practice.  If you have any response, or alternative case law for us to consider, let us know.  If not, we consider the issue exhausted.

## 2.  <u>The objection on RFP 33</u>

It is not clear to us whether you are saying that there are no documents now, or that there were never any responsive documents to this request for production.  Wolf testified that he submitted letters from his psychiatrist documenting his continued treatment for PTSD and anger management to the City.  (Depo. Wolf at 237-239).  If there are not any, then that discrepancy needs addressed.

To be clear, RFP 33 did not seek all of Wolf's treatment records.  Rather, the request was limited to those records that Wolf specifically submitted to the City.  It stated, in full:

33. Produce copies of any and all mental health records and/or documents of any kind, to include treatment summaries and/or progress notes and/or opinion statements, **provided to the City of Cleveland Heights and/or its police department** and relating to the diagnosis and/or treatment for anger management issues and/or PTSD, by Naftali Wolf or any of his treatment providers, from January 1, 2022 to the present.

You have been provided our letter to Wolf's Counsel last week, in terms of privilege.  I am not going to belabor that point.

## <u>Conclusion</u>

We think we have exhausted these issues, but, in all events, and given the extraordinary amount of time that has lapsed already on these issues and the belated nature of the response, if, in light of the foregoing, Defendants wish to either (i) have a further discussion with us; or (ii) reconsider their position in light of the above; please let us know and in all events if a phone call is helpful, let us schedule that not later than today, August 7, 2024, at 3:00 p.m.

By:

Chris Wiest, Attorney at Law, PLLC

Cc: Thomas Bruns, Esq.
Counsel for Sgt. Wolf

**chris@cwiestlaw.com**

---

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Wednesday, August 7, 2024 12:39 PM |
| **To:** | 'Greg Beck' |
| **Cc:** | 'Patrick Kasson'; 'Shirley Manfull'; 'Andrea Ziarko' |
| **Subject:** | RE: responses to second discovery requests |

Greg:

We are not undertaking the discovery for any reason other than the discovery is directly related to our punitive damage claims and the amount of such damages.

We have a discovery window that is promptly closing.  We have punitive damage claims. Discovery is not bifurcated.  Frankly, if Defendants wanted to bifurcate discovery on the issue of net worth, and to have a separate schedule for that, it should have been brought up when the parties scheduled this case.

I'm not going to be in a position where we are surprised by last minute discovery over financial information, outside of the discovery window, where, in response to a financial statement provided at the 11th hour by way of a defense, I do not have the ability to, and, for instance, issue subpoenas to banks, or others, to track down or check any financial-related disclosures and refute it or otherwise address it.

I'd be willing to consider protective order stipulations concerning the information, but I am not going to let the clock run out on the discovery calendar and then on the eve of trial, have Defendants give us financial statements that claim minimal assets for consideration by the jury for a smaller punitive damage award than might otherwise be appropriate without the information and then not be in a position to address it.

Said another way, I am not willing to postpone this discovery, when we have a firm discovery calendar and will be prejudiced by such delay.


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

---

**From:** Greg Beck <beck@bakerfirm.com>
**Sent:** Wednesday, August 7, 2024 12:14 PM
**To:** chris@cwiestlaw.com
**Cc:** Patrick Kasson <PKasson@reminger.com>; Shirley Manfull <shirley@bakerfirm.com>; Andrea Ziarko <andreaz@bakerfirm.com>
**Subject:** RE: responses to second discovery requests

I don't believe we have any treatment letters or information regarding Sgt Wolf. I will check on that again.  To be clear, I disagree with your position on the financials. It is not necessary. My client is a young officer and who I am sure has limited assets; your punitive claim against her in light of your own client's comments about her

competence at the scene and what the video reveals militates against a punitive damage award. I believe the effort is for another reason, unrelated to information about her assets. You are also protected under fraudulence conveyance law, so the notion that knowledge of her financials now somehow creates superior power is false.  But you can file whatever you want, and we will respond.  I believe it is a waste of time.

Greg

**Gregory A. Beck, Esq.**
**Partner**



**400 South Main Street**
**North Canton, Ohio 44720**
Ph: (330) 499-6000
Fax: (330) 499-6423
Email:  Beck@Bakerfirm.com
Bakerfirm.com

   

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

---

**From:** chris@cwiestlaw.com <chris@cwiestlaw.com>
**Sent:** Wednesday, August 7, 2024 11:34 AM
**To:** Greg Beck <beck@bakerfirm.com>; tbruns@bcvalaw.com
**Cc:** Shirley Manfull <shirley@bakerfirm.com>; Andrea Ziarko <andreaz@bakerfirm.com>; 'Patrick Kasson' <PKasson@reminger.com>
**Subject:** RE: responses to second discovery requests

Greg:

Please see a letter response, attached.  I think we are headed to motion to compel practice, and we are ready to file that.  But I do want to clarify in advance of our filing later today, whether Sgt. Wolf ever provided treatment letters to the City, as he was ordered to do (and as he testified he did) – or whether those submissions were submitted and no longer exist (and obviously we would want to figure out why that is the case if it was previously provided but the City did not maintain it).

Thanks,

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

---

**From:** Greg Beck <beck@bakerfirm.com>
**Sent:** Wednesday, August 7, 2024 10:09 AM
**To:** chris@cwiestlaw.com; tbruns@bcvalaw.com
**Cc:** Shirley Manfull <shirley@bakerfirm.com>; Andrea Ziarko <andreaz@bakerfirm.com>; Patrick Kasson <PKasson@reminger.com>
**Subject:** responses to second discovery requests

Hi Chris and Tom,
Attached are the discovery responses to your second set of interrogatories and requests for production. I will have Officer Lewis verify the responses. In response to the request for production, we obtained two power point presentations from the prosecutor Pam Roessner—attached. One was provided to all the officers in the spring 2022, and the second March 2024. The city does not have any other documents regarding specific training on the issues you question.

Let me know if you have any questions.

Greg

**Gregory A. Beck, Esq.**
**Partner**



**400 South Main Street**
**North Canton, Ohio 44720**
Ph: (330) 499-6000
Fax: (330) 499-6423
Email: Beck@Bakerfirm.com
Bakerfirm.com

  

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.