IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO -

CLEVELAND DIVISION

_____

DEMETRIUS KERN,

      Plaintiff,

   v.                              Case No.

NAFTALI WOLF, CARLI LEWIS, AND      1:23-CV-1327

CITY OF CLEVELAND HEIGHTS,

      Defendants.

_____

DEPOSITION OF

CHIEF CHRISTOPHER BRITTON

DATE:         Friday, June 14, 2024

TIME:         9:10 a.m.

LOCATION:    Baker Dublikar Beck Wiley & Mathews

             400 South Main Street

             North Canton, OH 44720

REPORTED BY:  David Ross

JOB NO.:     6742454

```
 1              A P P E A R A N C E S

 2   ON BEHALF OF PLAINTIFF DEMETRIUS KERN:

 3        CHRISTOPHER WIEST, ESQUIRE

 4        Chris Wiest, Atty at Law, PLLC

 5        50 East Rivercenter Boulevard, Suite 1280

 6        Covington, KY 41011

 7        chris@cwiestlaw.com

 8        (513) 257-1895

 9

10   ON BEHALF OF PLAINTIFF DEMETRIUS KERN:

11        TOM BRUNS, ESQUIRE

12        Connell, Vollmer & Armstrong, Stratache Tower

13        40 North Main Street, #2010

14        Dayton, OH 45423

15        tbruns@bcvalaw.com

16        (513) 312-9890

17

18   ON BEHALF OF DEFENDANTS THE CITY OF CLEVELAND HEIGHTS

19   AND CARLI LEWIS:

20        GREGORY A. BECK, ESQUIRE

21        Baker Dublikar Beck Wiley & Mathews

22        400 South Main Street

23        North Canton, OH 44720

24        beck@bakerfirm.com

25        (330) 499-6000
```

1            A P P E A R A N C E S (Cont'd)

2    ON BEHALF OF DEFENDANT NAFTALI WOLF:

3         PATRICK KASSON, ESQUIRE (by videoconference)

4         TOMMY H. KACZKOWSKI, ESQUIRE

5         Reminger Co., LPA

6         200 Civic Center Drive, Suite 800

7         Columbus, OH 43215

8         pkasson@reminger.com

9         tkaczkowski@reminger.com

10        (614) 232-2418

11        (614) 232-2443

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                   I N D E X

 2   EXAMINATION:                                    PAGE

 3        By Mr. Wiest                                 9

 4        By Mr. Kasson                              157

 5        By Mr. Wiest                               173

 6

 7                 E X H I B I T S

 8   NO.              DESCRIPTION                    PAGE

 9   Exhibit 1a     Amended Notice of Deposition      10

10   Exhibit 2      Training Certificates for

11                  Sergeant Wolf                      91

12   Exhibit 3      Employee Performance

13                  Evaluations, Sergeant Wolf       103

14   Exhibit 4      New Supervisor Training Checklist  85

15   Exhibit 5      Performance Appraisal Reports,

16                  Sergeant Wolf                      86

17   Exhibit 6      Complaint re: Sergeant Wolf,

18                  5/19/2020                          88

19   Exhibit 7      Complaint re: Sergeant Wolf,

20                  5/24/2021                          92

21   Exhibit 8      Training Certificates,

22                  Carli Lewis                      105

23   Exhibit 9      Training Assessments,

24                  Carli Lewis                       96

25   Exhibit 26     Complaint Against Officers       110
```

```
 1              E X H I B I T S (Cont'd)

 2    NO.              DESCRIPTION                  PAGE

 3    Exhibit 27       Torres Statement            121

 4    Exhibit 28       Complaint Form, Rough Draft  122

 5    Exhibit 29       Complaint Form, Final Draft  123

 6    Exhibit 30       Sergeant Wolf's Garrity Warning  128

 7    Exhibit 32       Confident Non-Escalation

 8                     Certificate, Sergeant Wolf  130

 9    Exhibit 33       Report by Detective Mathis and

10                     Detective Pierson           131

11    Exhibit 34       Letter from Chief Britton to

12                     Sergeant Wolf, 2/24/2023    135

13    Exhibit 35       Pre-Disciplinary Hearing    143

14    Exhibit 41       Mayor Seren's Statements,

15                     Cleveland Jewish News       149

16

17      P R E V I O U S L Y   M A R K E D   E X H I B I T S

18    NO.              DESCRIPTION                  PAGE

19    Exhibit 1        Policy and Procedure Manual   17

20    Exhibit 17       Video of IA Interview       117

21    Exhibit 25       Dismissal Charges Against

22                     Mr. Kern, 10/3/2022         109

23

24

25
```

1                    I N D E X (Cont'd)

2            D O C U M E N T S   R E Q U E S T E D

3    NO.            DESCRIPTION                    PAGE

4    1              Training List                   43

5    2              Sergeant Wolf IA Interview      119

6    3              Complete Copy of Exhibit 29     125

7    4              Interview Between Sergeant Wolf

8                   and the IA Investigators        154

9

10         QUESTIONS INSTRUCTED NOT TO ANSWER

11                   PAGE        LINE

12                   13           3

13                   14          15

14                   15          16

15                   16          23

16                  106          17

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2                    THE REPORTER:  Good morning.  My name

3    is David Ross; I am the reporter assigned by Barlow Reporting

4    to take the record of this proceeding.  We are now on

5    the record at 9:10 a.m.

6                        This is the deposition of Chief Britton

7    taken in the matter of Demetrius Kern vs. Naftali Wolf

8    et al. on June 14, 2024, in North Canton, Ohio,

9    Hamilton County [sic].

10                       I am a notary authorized to take

11   acknowledgments and administer oaths in Ohio.  .

12                       Additionally, absent an objection on

13   the record before the witness is sworn, all parties

14   and the witness understand and agree that any

15   certified transcript produced from the recording of

16   this proceeding:

17                       - is intended for all uses permitted

18                         under applicable procedural and

19                         evidentiary rules and laws in the

20                         same manner as a deposition recorded

21                         by stenographic means; and

22                       - shall constitute written stipulation

23                         of such.

24                       At this time will everyone in

25   attendance please identify yourselves for the record,

1   beginning with you, Mr. Wiest.

2                   MR. WIEST:  My name is Chris Wiest.

3   With me is Tom Bruns.

4                   Just to correct the introductory

5   statement, this is the deposition of the City of

6   Cleveland Heights pursuant to FRCP 30(b)(6) and the

7   topic list thereto.

8                   The case is not in Hamilton County,

9   Ohio.  The case is in the United States District Court

10  for the Northern District of Ohio in the Cleveland

11  Division.

12                  With that, I will move to other

13  Counsel.

14                  THE REPORTER:  Thank you.  Apologies.

15                  MR. BECK:  Gregory Beck on behalf of

16  Cleveland Heights and Officer Lewis.

17                  THE REPORTER:  Okay, I thank you.

18                  MR. KASSON:  Patrick Kasson on behalf

19  of Officer Wolf.

20                  MR. KACZKOWSKI:  Tommy Kaczkowski on

21  behalf of Officer Wolf.

22                  THE REPORTER:  Thank you.

23                  Hearing no objection, I will now swear

24  in the witness.

25                  Chief Britton, please raise your right

1  reporter; okay?

2      A    Understood.

3      Q    Okay.  If you need a break at any point

4  today, let us know, we're happy to take one.  And the

5  only rule that I've got on that is if there's a

6  question pending, I'm going to ask that answer before

7  we go on break; okay?

8      A    Okay.

9      Q    All right.  I'm going to hand you what I

10  have marked as Exhibit 1a.

11              (Exhibit 1a was previously marked for

12              identification.)

13              It is the amended notice of deposition for

14  today's deposition of the City of Cleveland Heights

15  pursuant to FRCP 30(b)(6).  And let me start with,

16  have you seen this deposition before?

17      A    Yes.

18      Q    Okay, this notice of deposition.  There's a

19  topic list that's attached to this and I think there's

20  29 topics.  Do you see that?

21      A    Yes.

22      Q    Have you had occasion to review the topic

23  list?

24      A    Yes.

25      Q    Are you prepared to speak to all of the

1   opportunity to be heard on each of the seven

2   specifications;" right?

3        A    Correct.

4        Q    "But he denied knowingly and/or

5   intentionally violating anyone's constitutional rights

6   in specification three;" right?

7        A    Correct.

8        Q    You then say, "He took responsibility for

9   his actions and attributed his actions to having a

10  'bad day.'"  Did you ask him why he had a bad day?

11       A    I don't -- I don't recall.

12       Q    Okay.  He indicated -- and I'm not sure if

13  this is supposed to be -- it says, "Since prior to

14  this incident."  Does it mean that prior to the

15  incident he's been in continuous counseling for anger

16  management and PTSD-related issues, or after the

17  incident?  Do you know?

18       A    It would have been prior to the incident.

19       Q    Was the department aware that it had a

20  supervisor that was in counseling and treatment for

21  anger management and PTSD prior to the Demetrius Kern

22  incident?

23       A    I don't -- I don't recall having specific

24  knowledge.

25       Q    Okay.  Do you know if his immediate

1  supervisor had knowledge of that?

2      A    I'm unaware.

3      Q    Okay.  Who was at the time of the incident,

4  Sergeant Wolf's immediate supervisor?

5      A    Well I know that -- that would have been

6  Lieutenant Williams.

7      Q    Okay.  Does it concern you as a police chief

8  if you've got officers that are in counseling and

9  treatment for anger management and PTSD?

10                  MR. BECK:  Objection.

11                  You can answer.

12                  THE WITNESS:  Oh.  Yes.

13  BY MR. WIEST:

14      Q    Is there anything that you think the

15  department should do in making sure that the treatment

16  is going to be effective for the officer if they're in

17  anger management and PTSD treatment?

18                  MR. BECK:  Objection.

19                  Go ahead.

20                  THE WITNESS:  Well, I -- now looking

21  back at that, once that information was shared with

22  me, I felt confident that he was -- he was -- had been

23  and was currently in counseling for these specific

24  issues.  So I didn't -- I didn't feel it was necessary

25  to mandate something through the city.

1    BY MR. WIEST:

2         Q    Okay.  Well, in fact, Chief, you asked

3    him -- actually didn't just ask him, you ordered

4    him -- if you look at page 7, to continue counseling

5    and provide proof of participation and periodic

6    updates documenting progress with his medical

7    provider; right?

8         A    Yes.

9         Q    Did he indicate to you when he began

10   treatment for PTSD and anger management?

11        A    I don't recall if he told me specifically.

12        Q    Were you concerned that he had been treating

13   for that, and this incident with Mr. Kern nevertheless

14   occurred, even with the benefit of that treatment?

15                   MR. BECK:  Objection.

16                   Go ahead.

17                   THE WITNESS:  I'm sorry, could you

18   repeat that?

19   BY MR. WIEST:

20        Q    Did you have a concern that he had been

21   treating for PTSD and anger management prior to the

22   Kern incident, and that the incident occurred,

23   suggesting that maybe that treatment hadn't been

24   effective?

25                   MR. BECK:  Objection.

Page 148

1           Go ahead.

2           THE WITNESS:  Yeah, I was concerned.

3   And, you know, it increased my -- I don't know if

4   awareness is the right term.  But it increased my -- I

5   need to pay closer attention on what's going on.  But

6   as mentioned, I -- he said he was currently in

7   treatment and counseling for these issues.

8   BY MR. WIEST:

9       Q   Okay.  All right.  I know we talked about

10  some media coverage that occurred in February of 2023

11  related to the to the Demetrius Kern incident.  Were

12  you aware that the mayor had made some public

13  statements concerning some reform he'd like to see in

14  the police department?

15      A   I recall him making statements.  I don't

16  recall what they were specifically.

17      Q   Okay.  And that they were related to

18  policies and procedural changes that he'd like to see

19  in the police department?

20      A   I remember him making a statement, but the

21  exact statement, I don't recall.

22      Q   Okay.  Did you agree with his public

23  statements?

24           MR. BECK:  Objection.

25           Go ahead.

1  guys.

2                  MR. WIEST:  Thanks.

3                  MR. BECK:  All right.  We'll read it.

4  Thanks.

5                  THE REPORTER:  How about transcripts?

6                  MR. WIEST:  We're ordering.  E-tran, no

7  rush.

8                  THE REPORTER:  Thank you.

9                  MR. KASSON:  I'll take a copy, please.

10                  THE REPORTER:  Excellent.  Okay.  Let

11  me get us off record.  We're going off record now at

12  1:58 p.m.

13                  (Signature reserved.)

14                  (Whereupon, at 1:58 p.m., the

15                  proceeding was concluded.)

16

17

18

19

20

21

22

23

24

25

1              CERTIFICATE OF DEPOSITION OFFICER

2              I, DAVID ROSS, the officer before whom the

3    foregoing proceedings were taken, do hereby certify

4    that any witness(es) in the foregoing proceedings,

5    prior to testifying, were duly sworn; that the

6    proceedings were recorded by me and thereafter reduced

7    to typewriting by a qualified transcriptionist; that

8    said digital audio recording of said proceedings are a

9    true and accurate record to the best of my knowledge,

10   skills, and ability; that I am neither counsel for,

11   related to, nor employed by any of the parties to the

12   action in which this was taken; and, further, that I

13   am not a relative or employee of any counsel or

14   attorney employed by the parties hereto, nor

15   financially or otherwise interested in the outcome of

16   this action.
                                <%26476,Signature%>
17                              DAVID ROSS

18                      Notary Public in and for the

19                              State of Ohio

20

21   [X] Review of the transcript was requested.

22

23

24

25

Page 179

                    CERTIFICATE OF TRANSCRIBER

1

2          I, SYDNEY COLE, do hereby certify that this

3   transcript was prepared from the digital audio

4   recording of the foregoing proceeding, that said

5   transcript is a true and accurate record of the

6   proceedings to the best of my knowledge, skills, and

7   ability; that I am neither counsel for, related to,

8   nor employed by any of the parties to the action in

9   which this was taken; and, further, that I am not a

10  relative or employee of any counsel or attorney

11  employed by the parties hereto, nor financially or

12  otherwise interested in the outcome of this action.

13

14                          <%30789,Signature%>

15                                    SYDNEY COLE

16

17

18

19

20

21

22

23

24

25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division

| | | | |
|---|---|---|---|
| **DEMETRIUS KERN** | : | **Case No.** | **1:23-cv-1327** |
| **Plaintiff** | : | | |
| **v.** | : | | |
| **NAFTALI WOLF, et. al.** | : | | |
| **Defendants** | : | | |

### AMENDED NOTICE OF DEPOSITION

Please take notice and be advised that on June 14, 2024, at 400 South Main Street,

North Canton, Ohio 44720, commencing at 9:00 a.m., Plaintiff, by counsel, will take the

deposition of the City of Cleveland Heights, pursuant to FRCP 30(b)(6), on the topics

attached. The deposition shall be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure before a notary public, shall be upon oral examination for all purposes permitted

under the Federal Rules of Civil Procedure, and shall be recorded stenographically.

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Ste 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served upon Defense
Counsel, via electronic mail and CM/ECF, on this 20th day of March, 2024.

/s/ Christopher Wiest



**EXHIBIT A – FRCP 30(b)(6) list, City of Cleveland Heights**

1. The terms and conditions of employment of Naftali Wolf including the date(s) of employment, any discipline imposed, and without limitation, the authority given to him by the City of Cleveland Heights.
2. All due diligence conducted by the City of Cleveland Heights (including background investigation) prior to hiring Naftali Wolf, to include the results of such due diligence and who approved the hiring in light of information learned.
3. All complaints received by the City of Cleveland Heights, relative to the employment of Naftali Wolf, including the date(s), time(s), and substance of such complaint(s), and response(s) and investigation(s) thereto by the City of Cleveland Heights.
4. The terms and conditions of employment of Carli Lewis including the date(s) of employment, any discipline imposed, prior complaints and their investigation and disposition, and without limitation, the authority given to her by the City of Cleveland Heights.
5. All due diligence conducted by the City of Cleveland Heights (including background investigation) prior to hiring Carli Lewis, to include the results of such due diligence and who approved the hiring in light of information learned.
6. All complaints received by the City of Cleveland Heights, relative to the employment of Carli Lewis, including the date(s), time(s), and substance of such complaint(s), and response(s) and investigation(s) thereto by the City of Cleveland Heights.
7. The City of Cleveland Heights police department manual, and any other policies of the City of Cleveland Heights or its Police Department, relevant to searches, seizures, detentions, stops, probable cause, reasonable suspicion, use of force, and other aspects of the Fourth Amendment, in force from July 1, 2022 through October 1, 2022.
8. The City of Cleveland Heights or its Police Department police department manual, and any other policies of the City of Cleveland Heights or its Police Department relevant to free speech, retaliation for free speech, and other aspects of the First Amendment in force from July 1, 2022 through October 1, 2022.
9. The City of Cleveland Heights or its Police Department police department manual, and any other policies of the City of Cleveland Heights or its Police Department relevant to body or dash camera activation and in force from July 1, 2022 through October 1, 2022.
10. The City of Cleveland Heights or its Police Department police department manual, and any other policies of the City of Cleveland Heights or its Police Department relevant to employee or police officer integrity and honesty, in force from July 1, 2022 through October 1, 2022.
11. Any traffic incidents or accidents with respect to Carli Lewis, or lawsuits relating thereto, from January 1, 2020 to the present.
12. Any and all training conducted by the City of Cleveland Heights, or directed and/or commissioned by the City of Cleveland Heights, generally to its police department and specific to Naftali Wolf and/or Carli Lewis, from the earliest of: (i) January 1, 2015; (ii) the start of Naftali Wolf's employment with the City of Cleveland Heights; or (iii) the start of Carli Lewis' employment with the City of Cleveland Heights; relative to searches,

seizures, detentions, stops, probable cause, reasonable suspicion, use of force, and other aspects of the Fourth Amendment.  For the avoidance of all doubt, this topic includes training on police department manuals or policies that cover any of these topics.

13. Any and all training conducted by the City of Cleveland Heights, or directed and/or commissioned by the City of Cleveland Heights, generally to its police department and specific to Naftali Wolf and/or Carli Lewis, from the earliest of: (i) January 1, 2015; (ii) the start of Naftali Wolf's employment with the City of Cleveland Heights; or (iii) the start of Carli Lewis' employment with the City of Cleveland Heights; relative to free speech, retaliation for free speech, and other aspects of the First Amendment.  For the avoidance of all doubt, this topic includes training on police department manuals or policies that cover any of these topics.

14. Any and all training conducted by the City of Cleveland Heights, or directed and/or commissioned by the City of Cleveland Heights, generally to its police department and specific to Naftali Wolf and/or Carli Lewis, from the earliest of: (i) January 1, 2015; (ii) the start of Naftali Wolf's employment with the City of Cleveland Heights; or (iii) the start of Carli Lewis' employment with the City of Cleveland Heights; relative to dash or body camera activation, as well as employee or police officer honesty and/or integrity.

15. The full circumstances of the traffic stop and interaction with Demetrius Kern and others on or about September 22, 2022, including the full details and explanation of any investigations (to include why steps were taken at the time they were taken), external or internal, by the City of Cleveland Heights or its police department into same.

16. The filing of charges against Demetrius Kern and/or his arrest, including who made such charging or arrest decisions, who participated, and the ultimate disposition of same with respect to Demetrius Kern that occurred on or about September 22, 2022.

17. The taking and handling of complaints by Demetrius Kern, relative to the incident with Demetrius Kern on or about September 22, 2022, by and City of Cleveland Heights, the investigation into same, and response(s) thereto, including who took what steps, what they learned, and what, if any follow up occurred.

18. Any statements by the Chief of Police or Mayor of the City of Cleveland Heights, relative to the September 22, 2022 incident with Demetrius Kern.

19. The media response(s) by the City of Cleveland Heights, or any of its officials, relative to the September 22, 2022 incident with Demetrius Kern.

20. Any and all prior complaints or use of force incidents or unlawful stops or detentions, by or against any person, to include complaints to any official within the City of Cleveland Heights, from January 1, 2015 through February 1, 2023, relative to searches, seizures, detentions, stops, probable cause, reasonable suspicion, use of force, and other aspects of the Fourth Amendment.  In addition to complaint activity, this topic includes any responses and investigations into such complaints, and dispositions of such complaints.

21. Any and all prior complaints by any person to any official within the City of Cleveland Heights, from January 1, 2015 through February 1, 2023, relative to free speech, retaliation for free speech, and other aspects of the First Amendment.  In addition to complaint activity, this topic includes any responses and investigations into such complaints, and dispositions of such complaints.

22. Any *Brady* list determination(s) or communications relative to Naftali Wolf or Carli Lewis.
23. Any interactions or communications with or between law enforcement and/or the prosecuting attorney's office, and details thereof, concerning Demetrius Kern from September, 2022 through November, 2022.
24. The powers or authority of Naftali Wolf and/or Carli Lewis, under City policy or procedure, or custom or practice, in September, 2022, to perform their duties generally, and specifically with respect to their interactions and follow on actions concerning Demetrius Kern on or about September 22, 2022.
25. Whether Naftali Wolf and Carli Lewis were, at the time of their interactions with Demetrius Kern on or about September 22, 2022, on duty, in uniform, on the clock, using city resources to include police vehicles.
26. Whether the actions of Naftali Wolf and Carli Lewis were, at the time of their interactions with Demetrius Kern on or about September 22, 2022, were consistent with custom, policy, or practice of the City of Cleveland Heights and its police department.
27. Any Interrogatory or discovery response by the City of Cleveland Height Defendant.
28. Any document produced by the City of Cleveland Heights Defendant.
29. Questions regarding the City of Cleveland Heights police department policy manual, including the terms and policies within it, its development, its revision or any periodic review, and training on it, from January 1, 2019 to September 22, 2022.



**ALL-AMERICAN CITY**

*City of trees... symbol of a live and growing community with diverse roots founded in a rich variety of cultural heritages... thriving in the awareness of the present and rising to the challenge of the future*



EXHIBIT

tobbies

35

CITY OF
**CLEVELAND HEIGHTS**
DIVISION OF POLICE

40 SEVERANCE CIRCLE, CLEVELAND HEIGHTS, OHIO 44118 * Telephone (Area Code 216) 291-4974
CHRISTOPHER M. BRITTON, CHIEF
chief@clvhts.com

Sergeant Naftali Wolf                                  **March 22nd, 2023**
Cleveland Heights Police Department

On Tuesday, February 28th, 2023, I met with you to conduct a Pre-disciplinary Hearing relative to an incident that occurred on Thursday September 22nd, 2022, at approximately 1900 hours. OPBA Attorney Dan Leffler, OPBA Union Representative Detective William Robinson and I were present at the Hearing.

The purpose of this hearing was to provide you with your constitutional right and right under the applicable collective bargaining agreement to notice and a fair hearing in response to the investigation of the events that occurred on the aforementioned date, which included alleged violations of the Police and Procedures of the Police Department.

**<u>Factual Summary</u>**

On September 22nd, 2022, at about 1900 hours, you had responded to Mayfield Road near the intersection of Inglewood Road to assist Officer Carly Lewis on a traffic stop in which she reported via radio that an individual, later learned to be Demetrius Kern, did "not know how to yield to lights and siren." When you contacted Officer Lewis and Kern, you made a statement that you were not aware what was going on, but you told Kern what he was doing was "against the law." As Officer Lewis was attempting to obtain the identification of Kern, Kern denied her request. You continued to tell Kern that what he was doing was "illegal" and you could charge him with interfering with a traffic stop. You subsequently requested an additional unit for a "male who is obstructing." After Kern's repeated refusals to provide identification, you placed him under arrest at 1904 hours even after Officer Carly Lewis informed you he didn't do anything wrong.

Upon your initial arrival on scene, you appeared bothered and annoyed. At one point, you sigh heavily which is caught on your body camera. While placing him in handcuffs, you told Kern "I am not doing this" and "I am not putting up with your bullshit." You made no initial effort to avoid conflict or to de-escalate the situation. It wasn't until you arrested Kern, that you tried to ascertain all the facts to establish probable cause for the arrest.

In an interview on October 20th, 2022 you stated to Detectives Mathis and Pierson that you "interpreted" that Kern was "obstructing" Officer Lewis. You also stated, "I knew I was a little

Page 1 of 7

ADDRESS ALL COMMUNICATIONS TO THE CHIEF OF POLICE

bit jumping the gun...I can tell you that." You told detectives that your actions were based upon your "interpretation" of what occurred. Also, you told detectives you were "not clear" of what "obstructing" was and that case law is very unclear despite receiving Legal Update Training in October 2021. If you were unclear about the criminal law, you should have sought further clarification.

## Statement of Policy

The Cleveland Heights Police Department's Policy Manual sets forth the conduct and behavior to be followed by all police officers of the department. Any violation of these rules shall be a basis for disciplinary actions. Disciplinary action may take the form of a verbal or written reprimand, unpaid suspension, loss of vacation days, demotion or termination of employment.

## Specifications

At the Pre-disciplinary Hearing the specifications of charges against you in this matter were discussed. The following outlines the policies that you have been charged with violating:

## Specification #1. Violation of the Cleveland Heights Police Department Law Enforcement Code of Ethics:

*While I consider the way I choose to conduct my private affairs a personal freedom, I accept the responsibilities for my actions, as well as inactions, while on duty or off duty, when those actions bring disrepute on the public image of my employer, my fellow workers and the law enforcement profession.*

*I vow to perform all my duties in a lawful, professional and competent manner. I consider the abilities to be courageous in the face of danger and to exercise restraint in the use of my powers and authorities to be the ultimate public trust. I accept that I must consistently strive to achieve excellence in learning the necessary knowledge and skills associated with my duties. I will keep myself physically fit and mentally alert so that I am capable of performing my duties according to the standards of quality expected of my position.*

*I vow to be fully truthful and honest in my dealings with others. I will obey the laws that I have sworn to enforce and uphold. I will conduct myself and perform my duties and responsibilities in a manner that complies with the standards of my Department and the lawful directions of my supervisors.*

*I vow to treat others with courtesy at all times. I consider it to be a professional weakness to allow another's behavior to dictate my actions. I will not allow others' actions or failings to be my excuse for not performing my duties in a responsible, professional and expected manner.*

*I vow to empathize with the problems of people with whom I come into daily contact. However, I will not allow my personal feelings, prejudices, animosities, or friendships to influence the discretionary authorities entrusted to me. I will affirmatively seek ways to avoid conflicts and potential conflicts of interest that could compromise my official authority or my employer's public image.*

*I hold the authority inherent in my position to be an affirmation of the public's trust in me as a public servant. I do not take this trust lightly. As long as I remain in this position, I will dedicate myself to maintaining this trust and upholding all the ideals of my profession.*

**Specification #2: Violation of the Mission Statement of the Cleveland Heights Police Department which reads as follows:**

*The Cleveland Heights Police Department, in partnership with the Community, is dedicated to protecting the lives, property and rights of all persons while maintaining order, reducing fear, informing the public and enforcing the laws fairly and impartially.*

*The men and women of the Cleveland Heights Police Department will perform their duties with the highest degree of professionalism, honesty and dedication to those that they serve. These duties will be delivered under the direction of strong leadership with a commitment to continuing education.*

*All members of the Cleveland Heights Police Department will work as a unified group in order to uphold this mission.*

**Specification #3: Violation of the Core Values of the Cleveland Heights Police Department which are as follows:**

*1. Constitutional Rights*

*We shall uphold this country's values as embodied in the Constitution and dedicate ourselves to the preservation of life, individual freedom and justice for everyone.*

*2. Integrity*

*Integrity is the absolute honest and ethical personal behavior and performance of duty that must be the hallmark of every member of this Department.*

*3. Professional Excellence*

*Recognizing the changing and diverse needs of the community, the Cleveland Heights Police Department pledges to establish and maintain high-performance standards to ensure public confidence and trust. Professional excellence is a direct result of progressive training, a positive attitude and personal commitment.*

*4. Commitment to Members*

*The Department recognizes that its members are the vital component to the successful delivery of our services. We believe we can achieve our highest potential by actively involving our members*

*in problem-solving and improving our services. We support an organizational climate of mutual trust and respect.*

5. *Community Orientation*

*Members shall uphold laws in an ethical, impartial, courteous and professional manner while respecting the rights and dignity of all persons. We will be compassionate and provide assistance to victims and those in need.*

6. *Community Partnership*

*We encourage and expect the participation of the community in facilitating solutions to problems of mutual concern. We solicit and support contributions from all members of our community.*

7. *Loyalty*

*Members owe a high duty of loyalty to our community, the police profession, their jobs, and the Cleveland Heights Police Department. This requires being productive, giving their best to work effectively and efficiently, complying in deed and spirit with the Department's lawful directives, cooperating and working amicably with others, following the chain-of-command when applicable, being respectful, and conducting themselves in a manner that does not needlessly or falsely cast the Department's reputation, or the reputation of its members, in a false light.*

**Specification #4: Violation of Policy 1000; Job Description/Requirements of a Sergeant:**

*Include the "ability to react quickly and calmly to emergency police situations and to "instruct" the "work of subordinates; ability to make sound judgement." Its critical as well that a Sergeant makes good command decisions and assists subordinates with important decisions on technical matters.*

**Specification #5: Violation of Policy 1010 Personnel Complaints provides guidelines for the reporting of complaints.**

*It is the policy of this department that the community can report misconduct without concern for reprisal or retaliation. Policy 1010.6.1 dictates that Supervisors who become aware of alleged misconduct shall take reasonable steps to prevent aggravation of the situation and respond to all complaints in a courteous and professional manner.*

**Specification #6: Violation of Policy 319 Standards of Conduct establishes standards of conduct that are consistent with our values and mission of the department.**

*It is the policy of the department that failure to meet the guidelines in this policy may be cause for disciplinary action. Policy 319.52 Ethics – "any other failure to abide by the standards of ethical conduct.*

*Policy 319.5.7 Efficiency outlines certain conduct that violates this policy such as neglect of duty and incompetence. Policy 319.5.9 Conduct outlines other conduct as well that violates policy.*

> ➢ *Discourteous, disrespectful or discriminatory treatment of any member of the public or any member of this department or the City.*
> ➢ *Criminal, dishonest, or disgraceful conduct, whether on- or off-duty, that adversely affects the member's relationship with this department.*
> ➢ *Any other on- or off-duty conduct which any member knows or reasonably should know is unbecoming a member of this department, is contrary to good order, efficiency or morale, or tends to reflect unfavorably upon this department or its members.*
> ➢ *Use of obscene, indecent, profane or derogatory language while on-duty or in uniform.*

**Specification #7: Violation of Policy 600 Investigation and Prosecution states:**

*It is the policy of the Cleveland Heights Police Department to investigate crimes thoroughly, with due diligence, and to evaluate and prepare criminal cases for appropriate clearance or submission to a prosecutor.*

## Pre-Disciplinary Hearing

At the hearing, you acknowledged receipt of the charging letter and were then afforded the opportunity to be heard on each of the seven specifications.

During the hearing, you acknowledged all of the factual findings of the incident/investigation except that you denied knowingly and/or intentionally violated anyone's Constitutional rights as outlined in Specification #3 related to the Core Values of the Cleveland Heights Police Department.  You took responsibility for your actions and attributed your actions to having a "bad day." Further, you indicated that since prior to this incident, you have been in continuous counselling for "anger management" and "PTSD" related issues.

## Findings

Based upon your testimony at the pre-disciplinary hearing and the evidence collected relative to this matter, I have determined the following in regards to each of the six specifications:

***Specification #1***:  I have determined that you are **guilty** of violating the Cleveland Heights Police Department Law Enforcement Code of Ethics. Your actions that day brought disrepute to the public image of the police department. Your conduct was unprofessional and incompetent.

**Page 5 of 7**

Your conduct was also not in compliance with the standards of the department. You made no effort to avoid conflict or to de-escalate the situation.

*Specification #2*:  I have determined that you are **guilty** of violating the Mission Statement of the Cleveland Heights Police Department by not maintaining high performance standards and professional excellence in the performance of your duties by being discourteous, disrespectful, and rude with the use of profanity.

*Specification #3*:  I have determined that you are **guilty** of violating the Core Value of the Cleveland Heights Police. Your conduct and performance lacked integrity. You failed to maintain high-performance standards to ensure confidence and trust by failing to avoid conflict. You failed to fully investigate the incident to gather all of the facts before making the determination to make an arrest. Your decision to arrest Kern was based upon your "interpretation" of the facts. Even though not done intentionally, the decision to arrest Kern was based upon your misinterpretation of law.  If you were unclear about the law as you indicated in an October 20th, 2022, interview, you should have sought further clarification. You failed to involve other members in the department in problem solving to avoid confrontation and you failed to de-escalate the situation. You were also discourteous and acted unprofessionally. Your conduct lacked loyalty, respect, and needlessly cast the Department's reputation, and the reputation of its members in a bad light.

*Specification #4*:  I have determined that you are **guilty** of violating Policy 1000; the Job Description/Requirement of a Sergeant. As a senior member of this department and a Sergeant, it was your responsibility that day to guide and assist Officer Lewis. You failed to exercise reasonable diligence in your responsibilities and decision making. As a Sergeant, it is your responsibility to help and guide subordinates. It is also your responsibility to assist your subordinates with important decisions on technical matters. By your failure to be clear on the law as it relates to Obstruction and interference with a traffic stop, you failed to assist Officer Lewis in her duties, and failed in your duties, as a law enforcement officer.

*Specification #5*: I have determined that you are **not-guilty** of violating Policy 1010 Personnel complaints by making no reasonable steps to mitigate the aggravation of the situation. Upon further review, there is lack of supporting evidence to support this charge.

*Specification #6*:  I have determined that you are **guilty** of violating Policy 319 Standards of conduct by failure to meet the guidelines in the policies of the Cleveland Heights Police Department.  As evident from body camera footage, your conduct was discourteous and disrespectful, which included profane language.  During the arrest of Kern, you told him "I am not putting up with your bullshit."

*Specification #7*:  I have determined that you are **guilty** of violating Policy 600 Investigation and Prosecution by failing to investigate crimes thoroughly and with due diligence. You failed to interview Officer Lewis in a timely manner which was necessary to obtain all the facts.  Even after Officer Lewis advised you Kern did nothing wrong, you arrested Kern and ordered Officer

# CONFIDENTIAL

Lewis to charge Kern with Obstruction without a proper evaluation of the facts. It wasn't until after you arrested him that you attempted to ascertain what had occurred. The original complaint was initially reviewed by Lt. Williams. In the complaint follow up form submitted by Lt. Williams, he noted that Kern "should have been allowed to leave on his own free will at this stage of the encounter." The charge against Kern was subsequently dismissed by Prosecutor Roessner for lack of probable cause. As you stated in an interview, your actions were based upon your "interpretation" of events.

*There was no evidence or charges related to any other policies reviewed or investigated including Policy 313.3.1 Discrimination, Policy 313.3.2 Retaliation, or Policy 313.3.3 Sexual Harassment.

## Penalty

It should be noted as indicated during your Pre-Disciplinary Hearing that you took responsibility for your actions on September 22nd, 2022. You indicated to me that you have been in counselling for conditions related to anger management and PTSD. Along with this, you attended and completed a 24-hour training seminar called Confident Non-Escalation in October 2022.

It is therefore my determination that based on all the evidence presented in this matter, you are to receive a 6 - day (48 hours) unpaid suspension. You are ordered to continue with your counselling and will be required to provide proof of participation and periodic updates documenting your progress with your medical provider. If you are unable to provide satisfactory documentation from your personal medical provider, you will be required to complete an anger management and/or a PTSD related program through the City of Cleveland Heights Employee Assistance Program.

This letter of determination also constitutes a full and final resolution of this disciplinary action against you, and this shall fully resolve the above - referenced disciplinary action against you as long as you meet the requirements outlined above.

You and the Union acknowledge that any future related infractions shall be cause for further disciplinary action.

You have entered into this agreement voluntarily and without coercion. You acknowledge you have conferred with counsel and/or a Union representative before signing this letter of agreement.

Christopher M. Britton, Chief of Police   Sgt. Naftali Wolf

Daniel Leffler, OPBA Legal Counsel   Det. W. Robinson, OPBA Union Representative

**Page 7 of 7**