**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO – Cleveland Division**

| | | | |
|---|---|---|---|
| **DEMETRIUS KERN** | : | Case No. | 1:23-cv-1327 |
| Plaintiff | : | | |
| v. | : | | |
| **NAFTALI WOLF, et. al.** | : | | |
| Defendants | : | | |

### [PROPOSED] ORDER GRANTING MOTION TO COMPEL

Before the Court is a motion to compel discovery by the Plaintiff.

First, the Plaintiff seeks financial/net worth information from Defendants, including one interrogatory (No. 20) and two requests for production (both numbered RFP 35). Defendants Wolf and Lewis also declined to answer questions about this discovery in their deposition. Defendants object on grounds of relevance and suggest that the discovery is premature.

Second, Plaintiff seeks discovery related to the mental health treatment of Wolf, which he put at issue and disclosed to the City in a disciplinary proceeding relating to his interactions with the Plaintiff. Wolf declined to answer questions about this in his deposition. Defendants object on the basis of relevance and privilege.

### A. The net worth discovery

It is well settled that information regarding a defendant's net worth or financial condition is relevant to a claim for punitive damages. *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 n. 28 (1993). Such information allows the factfinder to craft a punitive damages award, if necessary, that will provide appropriate retribution and deterrence. *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 647 (6th Cir. 2005).

Courts routinely allow production of tax and other financial records and net worth information where the plaintiff seeks punitive damages. *See, e.g., In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410 (N.D. Ohio 2011) (Carr, J.) ("a party's financial position is relevant to a punitive damages claim, and therefore such discovery is permissible … [and] it is "well-settled law [that] factors such as [net worth] are typically considered in assessing punitive damages."); *Cawley v. Eastman Outdoors, Inc.*, No. 1:14-CV-00310, 2014 U.S. Dist. LEXIS 130588, 2014 WL 4656381, at *3 (N.D. Ohio) (Gwin, J.).; *Commins v. NES Rentals Holdings, Inc.*, 2018 U.S. Dist. LEXIS 107879 (WDKY 2018) (concluding current financial position information is relevant and related to punitive damages); *U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial."); *Howard v.*

1

*Wilkes & McHugh, P.A.*, No. 06-2833 M1/P, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6 (W.D. Tenn. Sept. 24, 2008) (same).

In terms of scope, courts uniformly hold that both current financial status, and a two-year lookback, is the appropriate scope for punitive damage discovery purposes. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 409 (indicating two-year lookback typical and ordering production of financial information for past two years for punitive damage purposes); *S. Cal. Hous. Rights Ctr. v. Krug*, No. 06-1420, 2006 U.S. Dist. LEXIS 65330, 2006 WL 4122148, *2 (C.D. Cal. Sept. 5, 2006) (limiting discovery to two-year period); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (same); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 654 (D. Kan. 2004) (same).

Additionally, the majority of courts have held that a plaintiff seeking punitive damages is entitled to such discovery in advance of trial without a prima facie showing that plaintiff is entitled to recover punitive damages. *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 U.S. Dist. LEXIS 24649, 2008 WL 839745, at *2 (W.D. Tenn. Mar. 27, 2008); *Howard*, 2008 U.S. Dist. LEXIS 73663, 2008 WL 4415162, at *6; *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990); *see also U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial."). Published decisions from the Northern District of Ohio are in accord with this position. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399 (NDOH 2011).

Plaintiff's motion to compel net worth information is GRANTED. Defendants Wolf and Lewis shall respond to Interrogatory No. 20, and both Requests for Production 35 within 7 days of this order. Plaintiff is also entitled to conduct a follow up deposition of Wolf and Lewis on this information which shall be scheduled promptly after the disclosure of the written discovery.

### B. <u>The mental health treatment</u>

This treatment information, which Wolf himself gave and disclosed to the City as a central defense or argument in mitigation of discipline, again, arising from discipline over the very incident that is the subject of this lawsuit, and underpinning Wolf's excuse to the City of why he acted the way he did on the date in question is relevant. Among other things, this information goes to Wolf's motivations on the date in question, which has implications for punitive damages. *Invesco Inst'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007).

In cases raising federal law claims, questions of privilege are governed by federal common law. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). Federal Rule of Evidence 501 provides that "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege … ." Fed. R. Ev. 501. While the Sixth Circuit Court of Appeals has noted the importance of private communications between psychotherapist and patient, and found that a privilege should attach to such communications under Rule 501 (*In re Zuniga*, 714 F.2d 632, 639 (6th Cir. 1983)), the privilege is not absolute and can be waived. And, the burden rests on the person invoking the privilege to demonstrate both its applicability

2

and "the absence of any waiver of it." *United States v. Bolander*, 722 F.3d 199, 222 (4th Cir. 2013).

Specifically, the Sixth Circuit has found that a patient waives the psychotherapist-patient privilege where the patient "put[s] [his] emotional state at issue in the case." *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007). Likewise, a patient waives the psychotherapist—patient privilege by knowingly and voluntarily relinquishing it, such as by disclosing the substance of therapy sessions to unrelated third parties. *United States v. Hayes*, 227 F.3d 578, 586 (6th Cir.2000), citing *United States v. Snelenberger*, 24 F.3d at 802 (overruled on other grounds). This is in keeping with the waiver practice applied to other privileges. *See, e.g., In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (finding that a client waived his attorney-client privilege by alleging ineffective assistance of counsel, and thereby putting the attorneys' advice at issue).

The rules regarding waiver ensure that a party cannot use a privilege as both sword and shield (as Defendant Wolf has so far), by disclosing the privileged information to an unrelated third party when it benefits him, and then asserting the privilege as a shield against discovery when that position also benefits him. *See Hollinger Int'l Inc. v. Hollinger Inc.,* 230 F.R.D. 508, 518 (N.D. Ill. 2005) ("The sword and shield analogy is rooted in fairness. Fairness considerations may arise when a party partially discloses privileged communications or affirmatively relies on privileged communications to support a claim or defense, and then attempts to shield the underlying communications from the opposing party."); *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001).

Case law, from this district, supports waiver here. *Dekany v. City of Akron*, 2017 U.S. Dist. LEXIS 2713 (NDOH 2017). In *Dekany*, this Court found waiver where there was discussion about general treatment received for particular issues, including "depression and staying safe," "irritability anger and depression," and "openly discussed the specific communications that occurred during his sessions with a third party." *Id.* at *5. Likewise here, Defendant Wolf volunteered in his disciplinary hearing that his anger management and PTSD diagnoses, for which he was undergoing treatment, were the explanation for his bad behavior in this incident and, as part of the disposition of the discipline imposed on him, Defendant Wolf was required to "continue with your counseling and will be required to provide proof of participation and periodic updates documenting your progress with your medical provider." (Depo. Britton at 145-148, Exhibit 4 hereto, and Exhibit 35 to the deposition). Subsequently, Defendant Wolf submitted letters from his psychiatrist to the City documenting his continued treatment for anger management and PTSD and his progress regarding same. (Depo. Wolf, Exhibit 2, at 237-239). This record is on all fours with *Dekany*, and there has been a waiver through Defendant Wolf's voluntary disclosure to the City.

First, as to RFP 33, that discovery seeks only documents or materials provided by Wolf to the City. Plainly such disclosure to a third party waived the privilege as to those documents. *Hayes*, 227 F.3d 578, 586. And so the Motion to Compel a response to RFP 33 is GRANTED. Defendants shall produce any such information that Wolf provided to the City or Police Chief, within 7 days of this Order.

But more broadly, Wolf's disclosure of the substance of that treatment, including the conditions that Wolf is treating for, in defense of his conduct with his interactions with Mr. Kern, is a waiver of the privilege. *Hayes*, 227 F.3d 578, 586; *Dekany*, 2017 U.S. Dist. LEXIS 2713. Wolf has waived the privilege. Plaintiff is thus entitled to conduct a follow up deposition of Wolf on this information which shall be scheduled promptly after the disclosure of the written discovery.

### C. Sanctions

FRCP 37(a)(5) requires sanctions to be issued unless Defendants can demonstrate their nondisclosure, response, or objection was substantially justified. Defendants have failed to do so with respect to the net worth sanctions. Plaintiff shall submit a declaration of Counsel for the attorney fees incurred in pursuit of the motion to compel within 7 days of this Order.

IT IS SO ORDERED:

_____