IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Demetrius Kern, | : | Case No.: 1:23-cv-01327 |
| Plaintiff, | : | Judge Charles Esque Fleming |
| vs. | : | |
| Naftali Wolf, *et al.*, | : | |
| Defendant. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT NAFTALI WOLF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, through Counsel, provides these responses to Defendants' First Set of Interrogatories and Request for Production of Documents ("Discovery").

## GENERAL OBJECTIONS

To the extent applicable, the following are incorporated in each individual response as if these objections were set forth in their entirety in each such response:

1. Plaintiff objects to the Discovery insofar as Defendant seeks any response that would involve or require disclosure of information that is privileged under the attorney/client privilege, protected by the attorney work-product doctrine, or otherwise exempted from disclosure in discovery by any other privilege or doctrine and thereby placed outside of the scope of discovery under the Federal Rules of Civil Procedure, or other law.

2. Plaintiff objects to the Discovery to the extent that Defendant seeks information about matters that are not within Plaintiff's knowledge, but particularly are within any Defendant's own knowledge, the knowledge of other parties or the knowledge of non-parties to this lawsuit such that Defendants can obtain such information with equal or less burden than can Plaintiff.

1



Exhibit D
Kern
Date 6-12-24

3. Plaintiff objects to the Discovery to the extent that it calls for responses concerning matters about which Plaintiff has no direct, personal knowledge and the subject matter of the request may only be known, if at all, to Defendants or to one, or many non-parties or other parties to this lawsuit.

4. Plaintiff objects to the Discovery to the extent that Plaintiff is unable to respond because of the acts or omissions of Defendants and/or its agents, assigns, or the actions or omissions of other parties to this lawsuit.

5. Plaintiff objects to the Discovery to the extent that any request contains a factual premise that is false, unproven, unknown to Plaintiff, or otherwise in dispute.

6. Except for any matter constituting an explicit or implicit premise underlying any Interrogatory that is specifically acknowledged and admitted herein, any and all such premises are unconditionally denied, and no admission should be inferred or implied by any response other than any admission so explicitly stated. The fact that any Discovery has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such Discovery as all objections to admissibility are preserved. Moreover, the fact that Plaintiff has responded to an Interrogatory that refers or relates to a particular document does not constitute an admission or concession regarding the authenticity, admissibility or nature of any such documents and Plaintiff expressly reserves the right to object to the introduction of any documents during any trial on all applicable grounds.

7. Plaintiff objects to the Discovery to the extent that any request is ambiguous and/or overly broad, and to the extent that any request seeks information not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to the Discovery to the extent that any request requires responses other than in accordance with the Federal Rules of Civil Procedure.

9. Plaintiff objects to the definitions set forth by Defendants to the extent that those definitions redefine words to include artificial and contrived meanings. To the extent Defendants ascribe special meaning or definitions to non-technical words used in the Discovery, Plaintiff declines to accept those meanings and definitions and interprets all words in accordance with the ordinary and customary meanings of those words.

10. Plaintiff objects to the Discovery to the extent that any request, as well as any future request, has been/is propounded in a number greater than what is allowed by the Federal Rules of Civil Procedure.

11. Plaintiff objects to the timing of any Discovery that could be construed as "contention interrogatories" or "contention requests" insofar as they are premature and address matters that may be currently unknown to Plaintiff, and will continue to remain so until further discovery is conducted, which may supply additional facts, add meaning to the known facts, and/or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in or variations from the responses herein. Accordingly, the following responses are given without prejudice to Plaintiff's right to produce evidence of any additional facts or documents. Plaintiff also reserves the right to assert additional privileges as warranted by new documents or evidence.

12. Plaintiff objects to the Discovery to the extent that any request seeks a response that would require Plaintiff to conduct more investigation than contemplated by the Federal Rules of Civil Procedure, or that would impose an undue burden and expense upon Plaintiff to formulate a response.

3

13. Plaintiff objects to the Discovery to the extent that any response would involve or require disclosure of confidential and/or proprietary information without the entry of an appropriate confidentiality protective order to guard against the dissemination of that information beyond this lawsuit.

14. Plaintiff objects to the Discovery to the extent that any request requires a lengthy narrative explanation which makes such request improper outside of a deposition and which can best be explored through deposition. To the extent that any response is provided to such Discovery, neither this nor any other objection is waived. Plaintiff expressly reserves to herself the right to further elaborate or add detail to her response either by supplementation or by responses to direct or cross examination at a subsequent deposition, hearing, or trial.

15. Plaintiff objects to this Discovery as non-proportional to the needs of the case. Plaintiff objects to any use of these Responses in any manner that is inconsistent with the foregoing objections and qualifications.

## INTERROGATORIES

1. State your full name, date and place of birth, and current address.

**ANSWER:**

**Demetrius Raphael Kern, 6/13/1985, Cleveland, Ohio, 4527 Laurel Road, South Euclid, OH 44121**

2. Identify every person whom you believe has knowledge of the facts, allegations, claims, damages, and/or defenses alleged in this case, and summarize the information you believe the individual knows.

**ANSWER:**

**OBJECTION: this request calls for work product of counsel and privileged as such, is overbroad, and not proportional to the needs of the case.**

**Without waiver of same: we reincorporate by reference our initial disclosures.**

3. Identify each witness you intend or reasonably expect to call to testify at any hearing, deposition, or trial in this matter.

**ANSWER:**

**OBJECTION:** this request is premature; it also is overly broad, unduly burdensome, and not proportional to the needs of the case; we reserve the right to supplement in accordance with the Court's scheduling order.

Without waiver of same: we reserve the right to call any witness identified in our initial disclosures, any witness identified in response to discovery or any witness identified in any document exchanged in discovery.

4. Identify all documents in your possession concerning the claims or defenses at issue in this lawsuit.

**ANSWER:**

**OBJECTION:** this request calls for attorney-client privileged materials, calls for work product of counsel and privileged as such, is overbroad, and not proportional to the needs of the case.

Without waiver of same: Mr. Kern has documents relating to his arrest (his citation), the dismissal of his charges, and recordings he took involving conversations with city officials; he also has obtained his medical records relative to his damages claims, and some (but not all) of the invoices for services for medical and other treatment.

5. Identify each exhibit you intend or reasonably expect to introduce into evidence at any hearing, deposition, or trial in this matter.

**ANSWER:**

**OBJECTION:** this request calls for attorney-client privileged materials, calls for work product of counsel and is privileged as such. With respect to hearings and depositions, no determinations have been made, and, with respect to trial, we will supplement in accordance with the Court's scheduling order.

Without waiver of same: we reserve the right to introduce any document, exhibit, video, or audio exchanged in discovery in this matter, or that constitutes public records.

6. Identify any expert witnesses you may utilize in this matter. For each such expert, provide a curriculum vitae/resume (or set forth their qualifications), identify all information provided to the expert, set forth, in detail, the expert's opinions, and summarize the factual basis for each such opinion.

**ANSWER:**

**OBJECTION:** this request exceeds the requirements of FRCP 26(b)(4), is premature, and we reserve the right to supplement in accordance with the Court's scheduling order.

Without waiver of same: we will identify experts and produce documents and provide only those materials required under FRCP 26.

7. Identify every person with whom you have communicated concerning the claims or defenses at issue in this lawsuit, and provide a brief description of any such communications.

**ANSWER:**

**OBJECTION: this request calls for attorney-client privileged materials, calls for work product of counsel and is privileged as such. This request is also overbroad, unduly burdensome, and not proportional to the needs of the case. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information."** *Transamerica Life Ins. Co. v. Moore*, **274 F.R.D. 602, 609 (E.D. Ky. 2011). Asking about "*every* person" who the Plaintiff ever communicated about the claims in this case, which received substantial press, is inherently and unduly burdensome.**

**Without waiver of same and excepting privileged conversations: As best I recall, I spoke with the police chief and a detective with Cleveland Heights, I have been contacted by media and think I gave a couple interviews, though I do not recall specifically the names of those persons who contacted me about the incident, and I will occasionally be asked about the incident because of the press and coverage the matter has received (though, I again, I cannot recall any specific person).**

8. Describe the damages you seek in this lawsuit, including each category and amount of damages that you claim.

**ANSWER:**

**OBJECTION: this request is a premature contention interrogatory, is premature, and Plaintiff is still assessing damages. Without waiver of same, and subject to the right to supplement:**

    a. <u>Medical bills:</u> Plaintiff sought treatment and examination following the incident, including surgery and physical therapy. We are still working to obtainin the medical invoices relating to same, but approximate the cost at approximately $50,000.

    b. <u>Lost wages:</u> Plaintiff was unable to perform his work duties, and a contract he had negotiated, for approximately 10 months following the incident in question. These damages are estimated at $64,500.

    c. <u>Other § 1983 damages:</u>[1] $1,000,000, or such other amount, greater or lesser, as the jury may see fit to award.

---

[1] Under relevant 1983 case law, juries are to consider the nature of the constitutional deprivation, the magnitude of the mental distress and humiliation suffered by the plaintiffs, and any other injury caused as a result of being deprived of federally protected rights; such damages include

6

    d. <u>Attorney Fees:</u> This is a moving target, as such fees are increasing. Plaintiff is entitled to his reasonable attorney fees calculated at the lodestar amount,[2] which will likely only go up as this matter proceeds. We will, upon demand, produce an estimate of the current amount of such fees upon any request.

    e. <u>Punitive damages (as against the individual Defendants):</u> $1,000,000 or such other amount, greater or lesser, as the jury may see fit to award.

9. If you are claiming either an emotional or psychological injury relating to the allegations in the Complaint, state the name, address, and telephone number of each and every physician, psychiatrist, psychologist, emotional counselor, mental health counselor, or any other professional health care provider with whom you have consulted.

**ANSWER:**

**OBJECTION: this request is a premature contention interrogatory, is premature, and Plaintiff is still assessing damages. Without waiver of same:**

**We are providing Plaintiff's medical records herewith, and rely upon same pursuant to FRCP 33(d), identified, marked, and produced at Kern_855-1094.**

10. If you are claiming a physical injury relating to the allegations in the Complaint, state the name, address, and telephone number of each and every medical provider with whom you have consulted.

**ANSWER:**

**OBJECTION: this request is a premature contention interrogatory, and Plaintiff is still assessing damages. Without waiver of same:**

**We are providing Plaintiff's medical records herewith, and rely upon same pursuant to FRCP 33(d), identified, marked, and produced at Kern_855-1094.**

11. Identify any social media account you used in the past 5 years, including your username for each account.

**ANSWER:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. "[A] discovery request is considered overly broad or unduly burdensome**

---

both economic damages, non-quantifiable damages in the form of mental distress, humiliation, loss of reputation, and other general pain and suffering.

[2] Mr. Bruns intends to seek fees in this matter at the rate of $600 per hour; Mr. Wiest intends to seek fees in this matter at the rate of $500 per hour; fees for associates will be sought at a rate below those rates commensurate with the market. *RR Co. of Am., LLC v. Bishop Queen, LLC*, 2022 U.S. Dist. LEXIS 26381 (NDOH 2022) (approving rates up to $700 per hour); *Barrow v. City of Cleveland*, No. 1:16CV923, Doc. No. 69, 2018 U.S. Dist. LEXIS 105912 ($800 per hour in civil rights matter).

7

on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011).

Without waiver of same, and to the best of my recollection: Instagram (theinitiates, raphielmusic and meech216), Facebook (demetriusraphael and before that demetriuskern/demetriusrkern)

12. Identify all documents which you may utilize in this case, including, but not limited to, in motion practice, to impeach a witness, to refresh a witness's recollection, as exhibits, for use in depositions, for use in trial, or for any other purpose in this case.

ANSWER:

OBJECTION: this request calls for attorney-client privileged materials, calls for work product of counsel and is privileged as such; this request is also overbroad, unduly burdensome, and not proportional to the needs of the case. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011). Asking about "*all documents*" that Plaintiff "may" use in any hearing, motion, or deposition is inherently and unduly burdensome. With respect to motion practice, witness impeachment, recollection refreshment, as exhibits, or for use in depositions, no determinations have been made and such a request inherently calls for the work product of counsel. The work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). Typically, the doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 390-91, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981); *Hickman v. Taylor*, 329 U.S. 495, 508-10, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Exhibits or intended exhibits that Counsel determines it may use at a hearing or deposition are within the ambit of the work product doctrine. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986) (attorney selection of documents is privileged work product).

With respect to trial, we will supplement in accordance with the Court's scheduling order.

Without waiver of same: we reserve the right to introduce any document, exhibit, video, or audio exchanged in discovery in this matter, or that constitutes public records.

13. Have you ever been arrested and/or detained for theft? If your answer is "yes", specify the court, caption, docket number, and case number of each such instance.

ANSWER:

OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Without waiver of same:

8

No, but see answer to #14 (I was not arrested or detained for theft, but was charged with theft).

14. Have you ever been charged with and convicted of, or pled guilty to a felony or other crime of dishonesty or false statement within the last ten (10) years? If your answer is "yes", specify the court, caption, docket number, and case number of each such felony or crime of dishonesty or false statement.

**ANSWER:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case.**

**Without waiver of same:**

I was charged in Franklin Co. Common Pleas Court in Case No. 19/CR/003997 with theft and workers compensation fraud, but the theft charge was dismissed. I was convicted of workers compensation fraud, R.C. 2913.48, on or about January 26, 2022.

15. State whether you have ever been a party to a lawsuit before, and if so state when, where, and in what Court the action was commenced, the case number, the names of the parties, whether you were a Plaintiff or Defendant, and the nature of the claim involved in the action.

**ANSWER:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. Prior lawsuits are not relevant.** *Payne v. Howard,* **75 F.R.D. 465, 469 (D.C.D.C. 1997) (plaintiff in malpractice suit against dentist not entitled to discover pleadings filed in other lawsuits against the same dentist);** *Oklahoma v. Tyson Foods, Inc.,* **No. 05-CV-329-TCK-SAJ, 2006 U.S. Dist. LEXIS 72769, 2006 WL 2862216, \*1 (N.D. Okla. Oct. 4, 2006);** *Donovan v. Lewnowski,* **221 F.R.D. 587 (S.D. Fla. 2004).**

**Without waiver of same:**

*Demetrius Kern v. Adrienne Hunter, et. al.*, Cuyahoga County Common Pleas Court, CV-20-932099, and it involved a motor vehicle accident where I was rear ended.

16. Were you a Medicaid recipient at the time of the allegations in your Complaint?

**ANSWER:**

Yes

17. What was your occupation at the time of the allegations in your Complaint?

**ANSWER:**

9

I was a student, finishing up my CCNA courses.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents. Privileged communications and documents are excluded from these requests.

1. All documents identified in your responses to, or referred to in answering, the above Interrogatories.

**RESPONSE:**

**OBJECTION:** this request is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011).

**Without waiver of same:** We are producing, herewith, certain non-privileged documents.

2. All documents or physical items you intend or reasonably expect to introduce as exhibits in any hearing, deposition, or trial in this matter.

**RESPONSE:**

**OBJECTION:** this request is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents. With respect to hearing or deposition exhibits, no determinations have been made and such a request inherently calls for the work product of counsel. Typically, the doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 390-91, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981); *Hickman v. Taylor*, 329 U.S. 495, 508-10, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Exhibits or intended exhibits that Counsel determines it may use at a hearing or deposition are within the ambit of the work product doctrine. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986) (attorney selection of documents is privileged work product). "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011).

With respect to trial, we will supplement in accordance with the Court's scheduling order.

**Without waiver of same:** We reserve the right to introduce any documents exchanged in discovery or that are public records. We are producing, herewith, certain non-privileged documents.

3. All documents reflecting the reports of any expert witnesses you intend or reasonably expect to call at any hearing or trial in this matter.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case; this request exceeds the requirements of FRCP 26(b)(4), is premature, and we reserve the right to supplement in accordance with the Court's scheduling order.**

**Without waiver of same: we will produce and identify experts and provide only those materials required under FRCP 26.**

4. All documents which relate, in any way, to any expert testimony you will present in this matter including documents you will provide any expert.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case; this request exceeds the requirements of FRCP 26(b)(4), is premature, and we reserve the right to supplement in accordance with the Court's scheduling order.**

**Without waiver of same: we will produce and identify experts and provide only those materials required under FRCP 26.**

5. All documents relied upon, reviewed, or referenced in response to the above Interrogatories.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011).**

**Without waiver of same: We are producing, herewith, certain non-privileged documents.**

6. All medical records and bills for treatment of physical or psychological injuries you allege you sustained as a result of the allegations in your Complaint.

**RESPONSE:**

**OBJECTION: our efforts to locate all of these records that are not in our possession or custody are ongoing.**

**Without waiver of same:  We are producing, herewith, Mr. Kern's medical records and those invoices that we have obtained to date.**

7. All documents which relate, in any way, to any damages which you will claim in this matter.

11

**RESPONSE:**

**OBJECTION:** this request is overly broad, unduly burdensome, and not proportional to the needs of the case. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011). To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents. Our efforts to locate all of these records that are not in our possession or custody are ongoing.

Without waiver of same: We are producing, herewith, records relating to damages that are currently in our possession or custody.

8. All documents which relate, in any way, to the allegations contained in the Complaint.
**RESPONSE:**

**OBJECTION:** this request is overly broad, unduly burdensome, and not proportional to the needs of the case. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011). To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents.

Without waiver of same: We are producing, herewith, certain non-privileged documents.

9. All documents which relate, in any way, to your responses to the Interrogatories, above.

**RESPONSE:**

**OBJECTION:** this request is overly broad, unduly burdensome, and not proportional to the needs of the case. "[A] discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011). To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents.

Without waiver of same: We are producing, herewith, certain non-privileged documents.

10. All documents which you will or have provided to any experts in this matter.

**RESPONSE:**

**OBJECTION:** this request exceeds the requirements of FRCP 26(b)(4), is premature, and we reserve the right to supplement in accordance with the Court's scheduling order.

Without waiver of same: we will produce and identify experts and provide only those materials required under FRCP 26.

11. All documents which relate, in any way, to any economic damages you are claiming in this matter.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents.**

**Without waiver of same: We are producing, herewith, certain non-privileged documents.**

12. All journals, diaries, or other notes you may have taken, which relate, in any way, to the allegations in your Complaint or your alleged damages.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents.**

**Without waiver of same: We are producing, herewith, certain non-privileged documents.**

13. All photographs and videos that relate, in any way, to the allegations in your Complaint or your alleged damages.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents.**

**Without waiver of same: We are producing, herewith, certain non-privileged documents.**

14. All communications, including, but not limited to text messages, emails, social media posts and social media messages that relate, in any way, to the allegations in your Complaint or your alleged damages.

**RESPONSE:**

**OBJECTION: this request is overly broad, unduly burdensome, and not proportional to the needs of the case. The broad relation "in any way" is unacceptably and impermissibly broad. To the extent that this request calls for work product or attorney client privileged materials, we will not produce any such documents.**

**Without waiver of same: We are producing, herewith, to the extent any exist, any non-privileged documents that specifically reference the facts or allegations set forth in the complaint.**

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Demetrius Kern declare under penalty of perjury that I have read the foregoing Interrogatory Responses, and state that the factual statements therein are true and accurate to the best of my knowledge.

Executed on November ____, 2023.


_____
Demetrius Kern



**As to all objections:**

**/s/Christopher Wiest (0077931)**


Respectfully submitted,

/s/ Christopher Wiest_____  
Christopher Wiest (Ohio 0077931)  
Chris Wiest, Atty at Law, PLLC  
25 Town Center Blvd, Suite 104  
Crestview Hills, KY 41017  
513/257-1895 (v)  
859/495-0803 (f)  
chris@cwiestlaw.com  
**Attorneys for Plaintiff**

/s/Thomas B. Bruns_____  
Thomas B. Bruns (Ohio 0051212)  
Bruns, Connell, Vollmar, Armstrong  
4555 Lake Forrest Dr., Suite 330  
Cincinnati, OH 45242  
513-312-9890 (v)  
tbruns@bcvalaw.com  

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 4 day of December, 2023 via electronic and ordinary U.S. mail.

/s/ Christopher Wiest_____  
Christopher Wiest (Ohio 0077931)

14

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Demetrius Kern declare under penalty of perjury that I have read the foregoing Interrogatory Responses, and state that the factual statements therein are true and accurate to the best of my knowledge.

Executed on November 28, 2023.

_____
Demetrius Kern

As to all objections:

/s/Christopher Wiest (0077931)

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
Attorneys for Plaintiff

/s/Thomas B. Bruns
Thomas B. Bruns (Ohio 0051212)
Bruns, Connell, Vollmar, Armstrong
4555 Lake Forrest Dr., Suite 330
Cincinnati, OH 45242
513-312-9890 (v)
tbruns@bcvalaw.com

## CERTIFICATE OF SERVICE

4

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 8 day of December, 2023 via electronic and ordinary U.S. mail.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)

14