## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEMETRIUS KERN,** | : | CASE NO. 1:23-cv-01327 |
| | : | |
| Plaintiff, | : | JUDGE CHARLES ESQUE FLEMING |
| | : | |
| -vs- | : | |
| | : | |
| **NAFTALI WOLF, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANT CARLY LEWIS' MEMORANDUM IN OPPOSITION TO PLAITNIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Officer Carly Lewis, by and through counsel, submits her response to Plaintiff's Motion for Partial Summary Judgment on Liability, directed only to Defendants Lewis and Wolf. (Doc. 62). The indisputable evidence in this case, including video evidence of the entire encounter, demonstrates that Plaintiff's Constitutional rights were not violated, and that Officer Lewis is entitled to qualified immunity. Based on the evidence submitted, Plaintiff's Motion for Summary Judgment should be denied, Officer Lewis' Motion for Partial Summary Judgment should be granted, and all claims against Defendants should be dismissed with prejudice.

**I.      Statement of Undisputed Facts**

To be entitled to partial summary judgment on the issue of liability, Plaintiff Kern must show as a matter of law that Lewis lacked probable cause to arrest Kern. Kern contends that he was arrested in response to his constitutionally protected speech, not his actions, but the record

shows otherwise. For efficiency purposes, Lewis hereby incorporates by reference the facts and legal arguments presented in her Motion for Summary Judgment. (Doc. #61). Rather than repeating the undisputed facts in their entirety, Lewis emphasizes the following:

Officer Lewis initiated a lawful traffic stop by signaling with her lights and sirens an individual (Larelle Goodman) who's license plates were expired, and who may have been a suspect in a felony domestic violence altercation. (Lewis dep., Doc. #52, PageID #762, 776-780; Ex. 10, Doc. #51-12, PageID #538-545). Lewis merged from the left lane to the curb lane as Goodman abruptly stopped in response to Lewis's lights and siren; despite the heavy traffic Lewis safely moved behind Goodman and avoided colliding with Kern or anyone else on the roadway. (Lewis dep., Doc. #52, PageID #780-786). Kern voluntarily pulled his car over behind Lewis during her traffic stop and immediately began approaching and yelling at Officer Lewis as she was investigating Goodman, requiring her to call for back-up assistance as she believed Kern did not yield to her emergency vehicle, and she now had multiple parties on the scene. (Lewis dep., Doc. #52, PageID #796-797, 835; Doc. #48, Ex. Kern_1119_20220922-185844.mp4; Doc. #48, Ex. 11). Officer Lewis left Goodman's vehicle to attend to Kern. *Id*.

When Sergeant Wolf arrived on the scene, Kern began yelling and cursing, again requiring Officer Lewis to attend to Kern before she was finished with her investigation of Goodman. (Doc. #48, Ex. 11 and 12). Because of this interference, Lewis did not cite Goodman for his traffic violation and released him due to the time she had to spend with Kern. (Doc. #48, Ex. 11, 3:53-4:23). Kern refused to provide his name or identification to Officers Lewis or Wolf, although they both indicated they needed this information for the incident report. (Doc. #48, Ex. 11 and 12). Kern was arrested and charged with Obstruction. *Id*. Wolf placed Kern in handcuffs without incident, and guided him to Lewis' vehicle, placing him inside the vehicle without any unnecessary

2

force. *Id*. Officer Lewis wrote the citation for Obstruction at Wolf's direction. *Id*.

Kerns actions reflected a clear disregard for Officer Lewis' official business as he hampered and impeded her in the official performance of her lawful duties. He was properly detained and arrested, not for what he said, but for his conduct. Simply put, there was probable cause to arrest Kern, which negates all of his claims.

## II. Legal Analysis

All parties have filed motions for summary judgment. Thus, the Court must construe the plaintiff's version of events in favor of Lewis for purposes of Kern's motion, and Kern's version of events in favor of Kern for purposes of plaintiff's motion. However, the entire interaction between Kern and Lewis is captured on various body worn camera videos ("BWC"), which have been submitted to the Court. To the extent the videos in the record show facts so clearly that a reasonable jury could view those facts in only one way, the Court must view them in the light depicted in the videos. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Only to the extent that facts shown in videos can be interpreted in multiple ways, or if the videos do not show all relevant facts, such facts are viewed in the light most favorable to the non-moving party. *See Godawa v. Byrd*, 798 F.3d 457, 463 (2015). In this case, as the record supports, Lewis had ample cause to arrest Kern for obstructing official business.

### A. Plaintiff's Fourth Amendment Rights were Not Violated

#### 1. Fourth Amendment Detention and False Arrest

Plaintiff asserts that he was arrested without probable cause in violation of the Fourth Amendment. Plaintiff theorizes that, since his failure to identify himself and his criticism of the officers were not crimes, there was no probable cause for his arrest. Plaintiff suggests that he "did

3

no act to hamper or impede [Lewis'] investigation." (Doc. 62, pageID #2214) The evidence demonstrates otherwise.

The citation issued to the Plaintiff states, in part: "On 9/22/22 Kern did interfere with a traff[ic] stop unrelated to him…" (Doc. #51-15, PageID #552). In the incident report, Officer Lewis reported, in part: "While exiting my patrol vehicle, I observed the Tesla pull over behind me on my traffic stop, the driver exited the vehicle and walked toward me in an aggressive manner. The driver, later identified as Demetrius Kern (D.O.B. 06/13/1985) was shouting at me stating that I ran him off the road…I called for another unit due to assist due to multiple parties out on the stop…." (Ex. 10, Doc. #51-12, PageID #543). When asked to identify himself, Kern refused. The video evidence submitted to this Court also demonstrates that Plaintiff engaged in conduct that gave the officers probable cause to arrest. The evidence shows that Plaintiff's conduct hampered and impeded Officer Lewis' performance of her official law enforcement duties of investigating and issuing a citation to Goodman because her attention was drawn from Goodman, a potential suspect in a violent domestic violence incident, to Plaintiff and, although he stood back, Plaintiff persisted with his behavior.

In an action for wrongful arrest, a plaintiff must show that he was unlawfully detained because the officer lacked probable cause. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). "An officer has probable cause only when he discovers reasonably reliable information that a suspect has committed a crime." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). In a civil case, the plaintiff has the burden of proving an absence of probable cause. *St. John v. Hickey*, 411 F.3d 762, 769 (6th Cir. 2005). Plaintiff has failed to prove an absence of probable cause.

The City Code relating to Obstructing Official Business is nearly identical to Ohio Rev. Code §2921.31, which requires proof of an affirmative act that hampered or impeded the

performance of the lawful duties of a public official. *N. Ridgeville v. Reichbaum*, 112 Ohio App.3d 79. Intent may be inferred from the actions of the criminal defendant. "Purposely obstructing official business is determined from the manner in which it is done, the means used, and all other facts and circumstances in evidence." *State v. Grooms*, 2005 Ohio 706 , citing *State v. Puterbaugh*, 142 Ohio App.3d 185, citing *State v. Hardin*, 16 Ohio App.3d 243. Moreover, "[w]here the overall pattern of behavior is one of resistance, . . . officers may consider the totality of the events and need not point to a single act that rises to the level of obstruction." *Lyons v. Xenia*, 417 F.3d 565, 574 (6th Cir. 2005).

In this case, Plaintiff's overall pattern of behavior was sufficient to provide probable cause for his arrest. Plaintiff's intent to obstruct, delay or prevent Officer Lewis from carrying out her duties is demonstrated in the videos and incident report referred to in defendants' motion for summary judgment. The evidence shows that Plaintiff participated in a course of conduct with purpose to intimidate Officer Lewis because he was upset about a near-accident rather than allowing her to perform her official duties, with purpose to hinder, impede, or obstruct a function of government.

Plaintiff claims defendants have no evidence of his intentions, but the evidence in this matter establishes that, when considering the totality of the circumstances, Lewis reasonably believed that Plaintiff violated this statute. With respect to the element of "purpose to obstruct," R.C. §2901.22(A) provides:

> A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

Purpose can be established by circumstantial evidence and may be ascertained from the surrounding facts and circumstances of the case. *Reichbaum*, 112 Ohio App.3d at 85, citing *State*

5

*v. Jenks*, 61 Ohio St.3d 259 (1991) and *State v. Shue*, 97 Ohio App.3d 459, 466 (1994).  Here, Lewis attempted to investigate a potential domestic violence situation and did not know whether the Plaintiff pulled over to assist Goodman, which would place her in a potentially dangerous situation. Initially right after the stop, Plaintiff repeatedly yelled at Lewis, attempted to detain the officer, and then later refused to give Lewis his personal information as she was trying to analyze the situation. There was unquestionably a delay in the investigation that was the result of Plaintiff's intentional engagement and interference with Lewis and her duties.

Additionally, although Plaintiff claims "the *post-hoc* suggestion of Mr. Kern failing to yield to lights and sirens does not change this conclusion" (Doc. #62, PageID #2215) is simply inaccurate, at the first moment Lewis called in for assistance due to Plaintiff's unexpected presence at the scene, she indicated Plaintiff failed to yield to her lights and siren. It is undisputed that although Goodman stopped abruptly in the curb lane, and his action could only have been based on Lewis using her emergency equipment.  Thus, Goodman managed to properly respond to an emergency vehicle behind him, while the Plaintiff somehow failed to yield to a cruiser directly ahead of him. None of these facts support the Plaintiff's allegations. Plaintiff's reliance on *Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015) to support his assertion that this is "a bare legal conclusion" is misplaced.  There are no "inconsistent statements" by Officer Lewis leading to questions of fact, as in *Wesley*.  In fact, Plaintiff has set forth no evidence whatsoever to support the insinuation that Lewis failed to use her lights or sirens.  Just because Plaintiff was not charged with this traffic offense does not downgrade Officer Lewis' statement as "unreliable."

    **2.**    <u>**Failure to Intervene**</u>

Plaintiff suggests Officer Lewis is liable "for the excessive force violation and Sgt. Wolf's illegal arrest under a failure to intervene theory."  (Doc. #62, PageID #2217).  Initially, as to

6

Plaintiff's excessive force claim, Plaintiff sets forth no facts establishing that Officer Lewis had either reason to know of any excessive force, or that Officer Lewis had the opportunity or means to prevent excessive force from occurring. Moreover, there is no evidence of Wolf using any force beyond placing Kern in handcuffs, which he was permitted to do when effectuating an arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Additionally, as set forth above and in Defendants' motion for summary judgment, the officers had probable cause to arrest Plaintiff for Obstruction. Consequently, Lewis cannot be liable for failure to intervene.

Based on the evidence, therefore, there was probable cause for Plaintiff's arrest for the offenses of Obstructing Official Business. Accordingly, Plaintiff is not entitled to summary judgment on his Fourth Amendment claims.

### B. Plaintiff's First Amendment Rights were not Violated

Plaintiff claims that his First Amendment rights were violated, suggesting that he was merely verbally criticizing police officers prior to his arrest. However, Plaintiff's actions protected by the First Amendment do not shield the Plaintiff from the legitimate arrest for Obstruction. Plaintiff hampered and impeded Officer Lewis' investigation and her official law enforcement duties because Plaintiff's conduct and demeanor required Officer Lewis to direct her attention away from Goodman and toward Plaintiff.

Plaintiff contends that he had a First Amendment right to request Officer Lewis' badge number and name, to repeatedly tell the officers they were violating his rights, to record his interaction with the officers, to file or threaten to file a complaint against the officers, and to protest about his rights being violated. Generally, "'the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v.*

7

*Bartlett*, 587 U.S. 391 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). "The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Id*.

While Defendants agree with Plaintiff's general proposition that individuals are free to verbally question police action without risking arrest, as the evidence demonstrates, Plaintiff was not arrested based on his speech or the content of his words. *See King v. Ambs*, 519 F.3d 607, 610 (6th Cir. 2008) (holding that plaintiff's First Amendment rights were not violated when the plaintiff was arrested for obstruction rather than the speech by plaintiff). Instead, Plaintiff was arrested for interfering with Lewis' official duties. Plaintiff's conduct, on the side of a busy road, created a dangerous situation for the officers and other travelers. Officer Lewis was forced to turn her attention away from Goodman and toward Plaintiff. Because Lewis had probable cause to arrest Plaintiff, his First Amendment retaliation claim must fail.

Based on the evidence in the record, Plaintiff's First Amendment rights were not violated and he is not entitled to summary judgment on this claim.

### C. Officer Lewis is Entitled to Qualified Immunity

A governmental officer must violate an individual's clearly established constitutional rights before the defense of qualified immunity is unavailable to the official, so long as the officer believed his or her conduct did not violate those rights and the officer's belief was objectively reasonable. *Davis v. Sherer*, 468 U.S. 183 (1984). For the reasons set forth herein and more fully in Defendants' motion for summary judgment, plaintiff is not entitled to a ruling "divest[ing] [Officer Lewis] of any defense of qualified immunity." (Doc. # 62, PageID #2222). Rather, based on the undisputed record, Kern has not established that Lewis violated any of his constitutionally

8

protected rights. Therefore, Officer Lewis is entitled to an Order dismissing Plaintiff's claims against her based on qualified immunity.

### D. Plaintiff's State Law Civil Unlawful Imprisonment, False Arrest, and Malicious Prosecution Claims Must Fail

For the reasons set forth above and more fully in Defendants' motion for summary judgment, probable cause existed to support Plaintiff's arrest for Obstruction. As a result, plaintiff is not entitled to summary judgment on his state claims for unlawful imprisonment, false arrest, and malicious prosecution, and Lewis is entitled to immunity under R.C. §2744.03 for such claims.

### III. Conclusion

Based on the foregoing, Plaintiff's claims fail as a matter of law. Therefore, Officer Carly Lewis respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment and enter summary judgment in favor of Defendants, dismissing Plaintiff's claims in their entirety.

Respectfully submitted,

*/s/ Gregory A. Beck*
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)
BAKER | DUBLIKAR
400 South Main Street
North Canton, Ohio 44720
Telephone: (330) 499-6000
Telecopier: (330) 499-6423
Email: beck@bakerfirm.com
 andreaz@bakerfirm.com

**Counsel for Defendants Carly Lewis and City of Cleveland Heights**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served via this Court's electronic filing system on the 6th day of December, 2024, upon all counsel of record.

*/s/ Gregory A. Beck*
Gregory A. Beck (0018260)
Andrea K. Ziarko (0073755)