**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DEMETRIUS KERN, | )    CASE NO. 1:23-cv-1327 |
| | ) |
| Plaintiff, | )    JUDGE CHARLES E. FLEMING |
| | ) |
| v. | ) |
| | ) |
| NAFTALI WOLF, *et al.*, | ) |
| | )    **ORDER GRANTING RULE 54(B)** |
| Defendants. | )    **CERTIFICATION** |
| | ) |

Before the Court is Plaintiff Demetrius Kern's motion to designate the Court's March 30, 2026 Memorandum Opinion and Order (ECF No. 73) for appeal pursuant to Fed. R. Civ. P. 54(b) ("Rule 54(b) Motion").  (ECF No. 77).  For the following reasons, the Court **GRANTS** the Rule 54(b) Motion.

I.  **BACKGROUND**

After Plaintiff was arrested and charged with obstructing official business in relation to a traffic stop, and the charge was later dropped, Plaintiff filed a verified complaint against Defendant City of Cleveland Heights ("Cleveland Heights"), as well as two Cleveland Heights police officers—Defendants Carly Lewis and Naftali Wolf.  (ECF No. 1).  The verified complaint set forth seven causes of action: (i) Violation of the Fourth Amendment, against Defendants (Count I); (ii) Violation of the First Amendment, against Defendants (Count II); (iii) Civil Assault and Battery, against Wolf (Count III); (iv) Civil Unlawful Imprisonment, against Wolf and Lewis (Count IV); (v) Civil False Arrest, against Wolf and Lewis (Count V); (vi) Malicious Criminal Prosecution, against Wolf and Lewis (Count VI); and (vii) City Liability – Ohio Rev. Code § 2744.02, against Cleveland Heights (Count VII).  (*Id.* at PageID #10–19).

1

Defendants moved for summary judgment on the claims against them, (ECF Nos. 61, 63), and Plaintiff moved for partial summary judgment solely on the claims against Wolf and Lewis, (ECF No. 62).  On March 30, 2026, the Court issued a Memorandum Opinion and Order that: (i) denied Plaintiff's motion for summary judgment (ECF No. 62); (ii) granted Cleveland Heights and Lewis's motion for summary judgment (ECF No. 61), entering summary judgment in their favor on all claims asserted against them; and (iii) granted in part and denied in part Wolf's motion for summary judgment (ECF No. 63), entering summary judgment in his favor on all claims asserted against him in Counts I and II.  (ECF No. 73).  The Court found that Wolf and Lewis were entitled to qualified immunity on the First and Fourth Amendment claims asserted against them in Counts I and II.  (*Id.* at PageID #2459, 2467, 2469).  Based on that grant of qualified immunity, the Court granted summary judgment in Cleveland Heights's favor as to the *Monell* claims asserted against it in Counts I and II.  (*Id.* at PageID #2467–70).  The Court also granted summary judgment in Cleveland Heights favor as to Plaintiff's claim under Ohio Rev. Code § 2744.02 in Count VII, finding that Cleveland Heights was entitled to statutory immunity.  (*Id.* at 2480–83).

The Court found that Lewis was entitled to Ohio statutory immunity and granted summary judgment in her favor on all state-law claims against her (Counts IV, V, and VI).  (*Id.* at PageID #2474).  However, the Court denied Wolf the benefit of Ohio statutory immunity, finding that there was a genuine issue of material fact as to its applicability, and denied Wolf's and Plaintiff's requests for summary judgment on the state-law claims against Wolf (Counts III, IV, V, and VI).  (*Id.* at PageID #2476–80).

Wolf filed an interlocutory appeal with the Sixth Circuit, challenging the Court's denial of Ohio statutory immunity under Ohio Rev. Code § 2744.  (ECF No. 75).  Plaintiff has stated his desire to pursue a cross-appeal and requests that the Court certify the March 30, 2026

2

Memorandum Opinion and Order as final and appealable, with no just reason for delay, pursuant to Fed. R. Civ. P. 54(b).  (ECF No. 77).

## II.  ANALYSIS

A district court may certify certain claims for immediate appeal under Fed. R. Civ. P. 54(b) before the entry of a final judgment as to all matters in dispute.  *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986).  There are two requirements for proper certification under Rule 54(b): (1) "the district court must expressly direct the entry of final judgment as to one or more but fewer than all of the claims in the case"; and (2) "the court must expressly find that there is no just reason to delay an appeal."  *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 594 (6th Cir. 2013) (quoting *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994)) (internal quotation marks omitted).  For the second requirement, the Sixth Circuit has identified the following list of non-exhaustive factors that a district court should consider when determining whether there is "no just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Corrosioneering*, 807 F.2d at 1283.  "The district court must 'determine whether "the needs of the parties" outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable.'"  *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 822 (6th Cir. 2005) (quoting *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004)).

Here, the Court's Memorandum Opinion and Order satisfies Rule 54(b)'s first requirement because it grants summary judgment in favor of Cleveland Heights and Lewis on all claims asserted against them (removing them from this action) and also grants summary judgment in Wolf's favor on Counts I and II.  The Court finds that Rule 54(b)'s second requirement is also satisfied because, upon review of the relevant factors, there is no just reason to delay appellate review.

First, the Court finds that the adjudicated and unadjudicated claims involve the same issues and the same factual record.  The Sixth Circuit will have to review the same underlying facts and consider the same, or substantially similar, theories of liability in order to address the denial of Ohio statutory immunity to Wolf and the grant of Ohio statutory immunity to Lewis, as well as the grant of qualified immunity to both Wolf and Lewis.  Moreover, the *Monell* claims against Cleveland Heights are directly tethered to the Court's grant of qualified immunity to Wolf and Lewis.  As a result, if the Sixth Circuit finds that the officer defendants were both entitled to qualified immunity, then it would not need to address the *Monell* claims.  *See Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017).  By contrast, if the Sixth Circuit overturns the Court's grant of qualified immunity as to either officer defendant, it would overturn the Court's grant of summary judgment on the *Monell* claims and necessitate remand of the claims for further consideration.

Second, the Court finds that the need for review will not be mooted by future developments in the district court.  Third, the Court finds that allowing an immediate appeal will prevent the Sixth Circuit from having to reconsider the issues and facts related to immunity (both statutory and qualified immunity) a second time on a post-trial appeal.  Fourth, there are no claims or counterclaims which could result in set-off against the judgment sought to be made final.  Finally,

the Court finds that judicial economy strongly favors certifying immediate appeal because it will streamline the appeal process and allow the Sixth Circuit to review all immunity claims at once and resolve whether Lewis and Cleveland Heights will remain as parties in this action.

Having reviewed the relevant factors and circumstances of this case, the Court finds no just reason for delay of appellate review of all determinations within the Court's March 30, 2026 Memorandum Opinion and Order.  Accordingly, the Court **GRANTS** Plaintiff's Rule 54(b) Motion (ECF No. 77).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Rule 54(b) Motion (ECF No. 77) is **GRANTED**.  The Clerk of Court shall enter final judgment in favor of Defendants Cleveland Heights and Lewis on all claims asserted against them, as well as final judgment in favor of Defendant Wolf on all claims asserted against him in Counts I and II, for the reasons set forth in the Court's March 30, 2026 Memorandum Opinion and Order (ECF No. 73).

**IT IS SO ORDERED.**

Date: April 24, 2026

*s/Charles E. Fleming*
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**